**Melba F. ANDERSON,
Plaintiff-Respondent-Appellant,**

v.

**Wilder L. CARDEN,
Defendant-Appellant-Respondent.**

Nos. 13254, 13272.

Missouri Court of Appeals,
Southern District,
Division Three.

March 12, 1984.

Morton K. Lange, Cuba, for plaintiff-respondent-appellant.

Kenneth V. Byrne, Schlueter & Byrne, St. Louis, for defendant-appellant-respondent.

GREENE, Chief Judge.

Plaintiff, Melba F. Anderson, sued defendant, Wilder F. Carden, following a fence line dispute. Melba's petition was in three counts. Count I sought to establish title in Melba, by reason of adverse possession, to approximately 1.1 acres of land in Crawford County, Missouri. Count II asked for damages caused by Carden fencing off the disputed portion and claiming it as his own, while Count III asked for double damages for the destruction of the old "common boundary fence," as authorized by §§ 537.330 and 537.350, RSMo 1978.

The trial court, sitting without a jury, heard evidence, after which it made findings of fact and conclusions of law, and entered judgment.

In its judgment, the trial court decreed that Melba had acquired fee simple title to the disputed property by reason of adverse possession (Count I); that she had been damaged in the sum of $1,000 by reason of Carden cutting the wire of the old fence and removing part of it, but that since Carden had probable cause to believe that the land on which he removed the old fence and built the new one was his, that he was not liable for punitive, or double, damages.

Carden appealed those portions of the judgment giving title of the disputed strip of land to Melba, and awarding her $1,000 damages. Melba appealed that part of the judgment denying her punitive damages. The appeals were consolidated here for our review.

The trial transcript filed here contains evidence from which the trial court could find that in 1943, Melba and her husband (now deceased) bought a farm in Crawford County. Before the purchase they "walked the line" and looked at the fences to "be sure of what you're buying, you know." The "line" was fenced with hog wire and barbwire, and was cross fenced. Melba and her husband used the fence on the south side of their property to protect

their vineyard, and to keep open range cattle and horses from entering their land. They kept livestock, including mules, horses, sheep, and hogs. These animals foraged over the land area, including up to the south fence line. They kept the fence repaired, and put in new posts when needed. In addition to pasturing the disputed tract, the Andersons cut fence posts and firewood from it. During all the years the Andersons lived on the farm they intended to own and possess all of the property within the confines of the fence that existed at the time they bought the property.

Carden's predecessors in title, who were people named Young, Defeeler, and Ziegenheim, never claimed the property now in dispute, or claimed that the south fence was not the true boundary line.

In 1964, Carden purchased his farm which joined the Anderson place on the south. In 1970, Carden had his farm surveyed, after which he told the Andersons that the disputed tract was his, and that the south fence was on Carden's land. Anderson then told Carden that "If you touch that fence, I'll file suit." Carden was also advised by Anderson's lawyer that Carden would be sued if he tried to remove the fence. Mr. Anderson died August 30, 1977. Carden hired workmen to install a new fence along the survey line, placing the disputed 1.1 acres within his fenced-in area. The installer testified this was done in November of 1976, while Mrs. Anderson alleged the new fence was not installed until early 1978. Carden's workmen tore down portions of the old fence when they installed the new one. There was sufficient evidence from which the trial court could find that it would cost Mrs. Anderson $1,000 to restore the fence line to its original position.

Since this case was court-tried, the trial court's judgment must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Based on that test, it is evident that the Ander-

sons, for a period of more than 30 years, openly, notoriously, exclusively, and continuously possessed the disputed tract under a hostile and adverse claim of right. In so doing, they established a legal right to the disputed tract through adverse possession. *Walker v. Walker*, 509 S.W.2d 102, 106 (Mo.1974); § 516.010, RSMo 1978. It is also evident that Carden had probable cause to believe he had a legal right to establish a new fence along the survey line between his land and that owned by Mrs. Anderson. This being so, Melba was only entitled to the actual damages awarded her by the trial court. § 537.360, RSMo 1978.

Judgment affirmed.

CROW, P.J., and HOGAN, MAUS and PREWITT, JJ., concur.