Brooksie WOODS, Respondent,

v.

NATIONAL SUPER MARKETS, INC., Appellant.

No. 48702.

Missouri Court of Appeals, Eastern District, Division Three.

March 12, 1985.

Ann Elizabeth Hamilton, St. Louis, for appellant.

Stephen Frank Meyerkord, St. Louis, for respondent.

CRANDALL, Judge.

Defendant, National Super Markets, Inc., appeals from a judgment entered on a jury verdict in favor of plaintiff, Brooksie Woods, in her action for damages resulting from bodily injuries suffered when she fell on defendant's parking lot. The jury awarded plaintiff $35,000; but since the jury found her 25 per cent at fault under comparative negligence, judgment was entered for $26,250. We affirm.

Brooksie Woods was 78 years old at the time of this accident. She was grocery shopping at the National store at Newstead and Natural Bridge in St. Louis on November 16, 1981. When she left the store she walked across the store's parking lot, and in doing so one of her feet struck an object on the ground. She was thrown forward and fell to the pavement. After she fell she looked around for the cause of the fall and saw a spike, about the size of her finger, sticking up from the ground.

Plaintiff introduced several photographs of the parking lot area into evidence. Though taken five months after the mishap, she identified the photographs as showing the condition of the parking lot the day she fell. They showed deteriorated, crumbling parking bumpers. They also showed spikes, used to hold the bumpers to the pavement, sticking up from the pavement where a bumper had been. The plaintiff testified it was such a spike which caused her to fall.

Plaintiff testified she had shopped at the store about once a week for twenty years and had walked across the parking lot on previous trips. She stated that she had noticed the deteriorating parking bumpers on previous trips to the store.

The manager of the store, Alfred Long whose deposition was read into evidence at trial, stated the parking bumpers had been installed on the store's property by a contractor and that metal rods were used to hold them in place.

Defendant first claims that plaintiff failed to show the existence of a dangerous condition on the parking lot. Defendant's main contention is that plaintiff's trial testimony and pre-trial statements were so contradictory as to be void of any probative value.

The plaintiff, in a deposition, had stated she saw a spike in "the street where I fell." On the day of the accident, plaintiff told an emergency room nurse she had fallen on the "sidewalk." A medical report stated that she "fell in a defect in the sidewalk." Plaintiff has filed a notice with the City of St. Louis stating she fell on an uneven and cracked "sidewalk." Defendant argued at trial that since this notice was filed past a deadline set by law, plaintiff changed her story about where she fell when she learned she couldn't recover from the City.

It is true that where a party relies on the testimony of a single witness to prove a given issue, and the testimony of such witness is contradictory and conflicting, one version thereof tending to prove the issue, the other tending to disprove it, with no explanation of the contradiction, and no other fact or circumstance in the case tending to show which version of the evidence is true, a submissible case is not made. *Hill v. Barton*, 579 S.W.2d 121, 128 (Mo. App.1979).

 This principle of law is subject to qualification. "As a general rule, parties are not bound by their own estimates of speed, *distances*, and *locations*." *Hill*, 579 S.W.2d at 128. (Emphasis added.) *See also Skelton v. General Candy Co.*, 539 S.W.2d 605, 612 (Mo.App.1976). Also, "the jury has the right to believe a plaintiff is 'wrong' or 'confused' where there is inconsistent testimony.... And the jury can rely upon other more favorable testimony not at war with plaintiff's theory of the

case." *Vaeth v. Gegg*, 486 S.W.2d 625, 628 (Mo.1972). We also note the exception in *Hill* for contradictions which are explained.

■ Photographs that were admitted into evidence show the close proximity of the parking lot to the sidewalk. Plaintiff's pre-trial statements that she fell on the sidewalk or in the street are her estimates of the location of the mishap. She is not bound by these earlier estimates. *Hill*, 579 S.W.2d at 128. Further, the contradiction between those earlier statements and her testimony at trial that the hazard was on the parking lot is explainable by the photographs. Plaintiff could easily have tripped on the hazard on the parking lot and fallen onto the sidewalk. She in fact testified she was thrown forward toward the sidewalk. We cannot charge plaintiff with knowing the precise term to use when describing where the mishap occurred. Her testimony at trial was clear the hazard was on the parking lot and the photographs confirmed this.

We also note in *Hill* and the cases cited by defendant on this proposition there were inconsistencies in the witness' testimony at trial. In the present case, plaintiff did not waiver at trial from her story that the hazard was on the defendant's parking lot. The contradiction here was between plaintiff's testimony at trial and her pre-trial statements. Defendant's first point is denied.

■ Defendant next contends that plaintiff failed to show defendant knew or could have known of the existence of the dangerous condition. Plaintiff does not argue actual knowledge but tries to show defendant had constructive knowledge. To constitute constructive knowledge, evidence must be presented "that the defect has existed for a sufficient length of time to constitute constructive notice, or, in other words, to show that defendant should reasonably have known of it." *Ward v. Temple Stephens Co.*, 418 S.W.2d 935, 938 (Mo.1967). *See also Vinson v. National Super Markets, Inc.*, 621 S.W.2d 373, 375 (Mo.App.1981).

In *Word v. City of St. Louis*, 617 S.W.2d 479, 482 (Mo.App.1981), the court held the jury could find constructive notice by inferring the hazardous condition had existed for a sufficient time. There, a metal object was rusty, indicating the defect had been present for a period long enough for the rust to appear. Photographs were also used along with the plaintiff's testimony. *See also Cornette v. City of North Kansas City*, 659 S.W.2d 245, 247 (Mo.App.1983), where "photographic and oral testimony showed physical deterioration that was gradual and the joint product of time and neglect."

■ The same is true here. Plaintiff testified she had been shopping at the store for many years, usually once a week. She had seen the crumbled and deteriorated parking lot bumpers on previous occasions. Photographs show the deteriorating condition of the bumpers. It could reasonably be inferred that the deterioration was a long-term process from which a jury could impute constructive knowledge to the defendant. Defendant's second point is denied.

We have reviewed the remaining four points raised by defendant on appeal. No error of law appears. An extended opinion on those points would have no precedential value. They are, therefore, denied pursuant to Rule 84.16(b).

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.