Kim PASTER, Plaintiff-Appellant,

v.

**CITY OF ST. LOUIS,**
**Defendant-Respondent.**

No. 49926.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 11, 1986.

Motion for Rehearing and/or Transfer
Denied March 11, 1986.

Application to Transfer Denied
April 15, 1986.

Donald L. Schlapprizzi, St. Louis, for
plaintiff-appellant.

Judith A. Ronzio, Associate City Counsel-
or, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from the action of the
trial court in granting defendant a new
trial following a verdict for plaintiff of
$21,000.00.[1]

Defendant City is the owner of Soulard
Market in the City. The market consists of
a large complex in a "H" shape. Space
within the market is leased to vendors who
sell produce as well as other items. The
vendors operate from stalls fronting on
aisles. The aisles are maintained by the
City and are not included in the vendors'
leases and the leases impose no duty on the
vendors to clean the aisles. The City does
clean the aisles utilizing three full-time
maintenance men. Approximately 125 ven-
dors lease space in the complex.

Plaintiff and her cousin went to the com-
plex to shop. Plaintiff bought several
items and was about to leave when her
cousin asked her to come see something in
a different part of the complex. Plaintiff
had not previously been in that part of the
complex on that day. As she was walking
down one wing of the complex, she saw
something in one of the vendor's stalls and
turned to go look at it. As she did she
slipped and fell resulting in a severe frac-
ture of her ankle. There was evidence that
she slipped on an orange peel. The cousin

---

1. The jury found $35,000 damages and found plaintiff 40% at fault.

testified that she had seen orange peels and popcorn in the area of the fall an hour before plaintiff's fall. The plaintiff's verdict director was MAI 22.05. The trial court granted a new trial on the basis that MAI 22.03 was the proper verdict director.

■ MAI 22.03 is the instruction utilized for an "invitee injured." MAI 22.05 is the instruction for a "tenant [or tenant invitee] injured on premises reserved for common use." The difference between the two is the second required finding of 22.03 that: "plaintiff did not know and by using ordinary care could not have known of this condition...." That finding is not contained in 22.05. The trial court concluded that plaintiff was an invitee of defendant, not an invitee of a tenant, and that the instruction utilized was prejudicially erroneous. On appeal the parties join issue on whether plaintiff was the invitee of defendant or of a tenant. We agree with the trial court and the defendant that plaintiff was the invitee of defendant but conclude that nevertheless MAI 22.05 was the correct instruction.

We are unable to conclude that plaintiff can be considered an invitee of a tenant. As with most shopping malls, Soulard is designed and intended to attract customers for a large number of tenants. Persons who shop there do not generally or at least necessarily enter the premises with the intent to patronize a particular tenant, but rather to browse and inspect the merchandise of several of the tenants and purchase that which appeals to them. This is the very type of customer activity for which the mall is designed and the activity which the tenant seeks when he leases the premises. See *Leary v. Lawrence Sales Corporation,* 442 Pa. 389, 275 A.2d 32 (1971). Because a customer is in a common area in the vicinity of a particular tenant does not make him an invitee of that particular vendor. He would equally be an invitee of every vendor in the complex. The landlord of the mall, in order to make his premises attractive to lease, invites the public to utilize the common areas of the complex to browse and shop and it is that invitation which the general public accepts.

■ The liability of the landlord depends upon the duty imposed upon him by law. Some explanation for the difference in duty imposed by the two instructions is warranted. The general rule is that an owner or possessor of land is not held liable to invitees for injuries sustained by them and caused by a dangerous condition of the premises if the person injured knew or by the use of ordinary care could have known of the condition. This is because the invitee enters the land with the possessor's consent which may be given or withheld at will. One entering on such an invitation is entitled to nothing more than knowledge of the dangerous condition. That imposes upon the landowner a duty to warn or to remove the dangerous condition. If the injured party already has such knowledge, actually or constructively, the duty to warn is obviated and no breach of duty occurs. *O'Neill v. Sherrill,* 254 S.W.2d 263 (Mo. App.1953) [3]. Where however, the relationship of landlord-tenant obtains the rule does not apply. The duty of the landlord to the tenant or one standing in the tenant's right is not obviated by the knowledge of the tenant of the defect or dangerous condition. This for the reason that courts do not require the tenant to abandon the use of the premises for which he has paid unless the defect is so dangerous that no reasonable person in the exercise of due care would use it.[2] *O'Neill v. Sherrill, supra,* [5]; *Roman v. King,* 289 Mo. 641, 233 S.W. 161 (1921) [1–6]; *Edwards v. E.B. Murray & Company,* 305 S.W.2d 702 (Mo. App.1957) [5].

■ The record before us demonstrates that the defendant operated Soulard and maintained the common areas in order to provide customer traffic for its tenants. To require the potential customers to forego use of the premises because of a known

---

**2.** The knowledge of the injured party and the care utilized by that person are to be considered for purposes of comparative fault. *Stoeppel-* *man v. Hays-Fendler Construction Co.,* 437 S.W.2d 143 (Mo.App.1968) [5, 6].

defect or dangerous condition is to take from the tenants the very traffic for which they have leased the premises and paid their rent. Whether a customer enters the complex to patronize a particular vendor or to patronize such as he finds attractive, the duty of the defendant is the same. It has undertaken by its leases a duty to provide safe common areas for potential customers of its lessees. That duty does not change because the landlord invites the customers to its premises rather than because the tenant does so. Under the circumstances here a determination of whose invitee the injured party is, is irrelevant, for it does not change defendant's duty. MAI 22.05 was the proper instruction and the trial court erred in setting aside the verdict.

Order granting new trial is reversed and cause remanded with directions to reinstate the verdict.

SNYDER, J. concurs.

CARL R. GAERTNER, P.J., concurs in separate opinion.

CARL R. GAERTNER, Presiding Judge, concurring.

I concur but write separately because I perceive a need to explicate the implications of this decision.

In negligence jurisprudence the basis of a cause of action is the breach of a duty owed by the defendant to the plaintiff. The existence and nature of this duty is determined by the relationship between the parties. The law has traditionally recognized a distinction between the duty owed to one invited upon the land occupied and controlled by the invitor and the duty owed to a tenant or a tenant's invitee who enters upon the common ground controlled by the landlord. This distinction is clearly described in *O'Neill v. Sherrill,* 254 S.W.2d 263, 267 (Mo.App.1953). One who invites another to enter upon premises controlled by the invitor owes to his invitee the duty to warn of any dangerous condition so that the invitee may exercise an intelligent choice as to whether the advantage to be gained from accepting the invitation is sufficient to justify the risk he knows is inseparable from it. Knowledge on the part of

the invitee dispenses with the duty to warn and where the evidence shows such knowledge, or where the danger is so open and obvious as to constitute constructive knowledge thereof, no breach of duty is shown; hence there is no actionable negligence. *Id.* at 267. This rule forms the basis for MAI 22.03, *Verdict Directing—Invitee Injured,* which requires a plaintiff invitee to prove as an element of his cause of action that he "did not know and by the exercise of ordinary care could not have known" of the dangerous condition.

On the other hand, the duty owed by a landlord to his tenant, or the tenant's invitees, who enter upon the common ground controlled by the landlord is more than a mere warning of a dangerous condition; the duty is to make the common area safe. Otherwise, the tenancy may be diminished or even destroyed and the tenant deprived of the full value of his lease. *See Roman v. King,* 289 Mo. 641, 233 S.W. 161, 25 A.L.R. 1263 (1921), wherein it is held that the landlord's failure to maintain the common areas of ingress and egress to demised premises can constitute a constructive eviction. This traditional solicitude for the tenant, and those standing in his right, is the basis for the omission from MAI 22.05, *Tenant Injured on Premises Reserved for Common Use,* of any finding regarding the plaintiff's actual or constructive knowledge of the danger. The tenant or his invitee has no burden of proving the absence of awareness of the danger as an essential element of his case. Rather, his knowledge thereof is an affirmative defense casting the burden of proof upon the defendant.

I have indulged in this lengthy explication of the rationale underlying the distinction between the duty owed invitees and that owed to tenants as a basis for demonstrating that application of legal principles based upon labels is unrealistic in the world of contemporary merchandising. The trial court accepted the City's contention that because plaintiff was upon its land not in response to the invitation of any particular tenant, plaintiff had the burden of disproving the discoverability of the danger and therefore it was error to give MAI 22.05

instead of MAI 22.03. Thus, who issues the invitation and plaintiff's subjective intent was held to be determinative of the duty owed to her. Her legal status and her right to expect safe premises became dependent upon whether she was going inexorably and exclusively to store A. If she was going to compare the prices and quality of merchandise offered by store A with those of store B she was not entitled to any such expectation but must fend for herself.

The prolific growth of the shopping mall and the modern merchandising practices under which such malls operate have obliterated the reasons underlying the distinction between the invitation of a tenant and the invitation of a landlord in cases of injury caused by defects in the common area. The configuration of shopping malls is designed in such a manner as to induce the patron of one store to pass by and view the wares of others. What formerly were hallways leading to the tenant's stores have become elaborately decorated malls with fountains and rest areas all intended to be conducive to leisurely browsing from shop to shop, partaking all the while of varied refreshments offered by different vendors. They have, in effect, replaced the town square. No longer do store owners solicit patronage only by individual advertisement, but today's shoppers are urged by television, radio, newspapers, by "occupant" mailings and by handouts to come to "the mall" because of the wide variety of available merchandise in a single location. In the larger of the malls, potential patrons of tenants' shops are induced to come upon the common ground by various types of entertainment and exhibits. The cost of all these means of business solicitation, while perhaps paid directly by the mall operator, is borne by the tenants either through assessment or as a part of their rent. What the tenant pays for in his lease is not only the use and occupancy of so many square feet of floor space, but also the inducement of potential customers to come to the mall where his store is but one of many. If the mall owner fails to maintain the common areas of ingress and egress to the tenant's premises in a safe condition, the value of the tenancy has been diminished or destroyed, whether the invitee comes to a particular store or comes only to browse from shop to shop. The rationale underlying the rule of landlord and tenant liability as set forth in *Roman v. King, supra* and *O'Neill v. Sherrill, supra,* should be equally applicable whether the invitee is responding to the advertisement of the mall owner or to that of one of his tenants.

The advent of comparative negligence brought about by *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983), renders the injustice and inequality of applying the traditional rules to such a case even more apparent. Under contributory negligence, the shopper injured by stepping into an open and obvious pothole in the parking lot controlled by the mall owner, could not recover regardless of whose invitee he might be. The discoverability of the danger destroys his case if he is an invitee of the owner of the land. The same discoverability makes him guilty of contributory negligence, totally barring his recovery, if he is an invitee of a particular tenant. In either event, plaintiff recovers nothing. Today, however, if he says he is an invitee of a particular tenant, his failure to see what is obvious merely reduces the amount he may recover. If he admits he is going from one shop to another and is therefore an invitee of the mall owner, he cannot prove that he did not know or could not have known about the danger and he fails to make a submissible case. Thus, in the instant case, under the trial court's conception that plaintiff was an invitee of the City, the finding by the jury that she was 40% at fault for failing to keep a lookout for her own safety would require the entry of judgment in favor of the defendant, rather than the granting of a new trial. Such unequal application of the law based solely upon a plaintiff's expression of subjective intent should not be permitted.

The verdict of the jury in this case does not unjustly enrich the plaintiff who was charged with the result of her own negligence. It neither punishes nor excuses the defendant because of its negligent failure to maintain the common areas of ingress and egress. The verdict was fair, just and realistic. Accordingly, I concur.