**Barbara MOSS, Respondent,**

v.

**NATIONAL SUPER MARKETS, INC., et al., Appellants.**

**No. 71612.**

Supreme Court of Missouri, En Banc.

Dec. 12, 1989.

Rehearing Denied Jan. 10, 1990.

Kim Roger Luther, Andrew H. Marty, St. Louis, for appellants.

J. Mark Kell, St. Louis, for respondent.

BLACKMAR, Chief Justice.

This slip and fall case was argued along with *Sheil v. T.G. & Y. Stores Co.*, 781 S.W.2d 778 (Mo. banc 1989), decided today.

The plaintiff had a verdict but the Court of Appeals, Eastern District, reversed outright. We granted transfer on account of the considerations set out in the *Sheil* opinion.

The evidence viewed in the light most favorable to the verdict showed that on February 21, 1984, the plaintiff went to National to shop. She arrived between 10:00 a.m. and 10:15 a.m. and remained in the store for approximately twenty minutes. As one faces the front of the store from inside, the entrance door is located to the right and the exit door to the left. The plaintiff entered and left the store through the appropriate doors.

She testified that she believed the store had been open for at least an hour when she arrived. Other cars and at least one delivery truck were in the parking lot. A number of people were in the store. She observed people leaving National as she entered.

She left through the exit door with a bag of groceries. As she stepped from the sidewalk onto the driveway portion of National's parking lot she slipped on green liquid spread over the pavement and fell to the ground. She described the area covered by the green liquid as being two to three feet in diameter. There were numerous car tracks and at least ten footprints in the spot, which was within a few feet of the exit door.

Defendants contend that the plaintiff did not make a submissible case, citing *Adams v. National Super Markets, Inc.,* 760 S.W.2d 139 (Mo.App.1988), and *Ward v. Temple Stephens Co.,* 418 S.W.2d 935 (Mo. 1967). It is argued that there was no evidence whatsoever that any employee had done anything to cause the slick spot, or knew of it, and nothing from which the jury could have determined that the condition had existed for a sufficient length of time to charge the employer with constructive notice. The court of appeals agreed with these arguments.

█ The case differs from *Sheil* in at least two respects. The accident did not occur inside a self-service store, and there is no showing that the slippery substance consisted of merchandise of a type handled by the store. The parking lot was owned by the store, and therefore the case does not present the problems that inhere in a case in which the parking lot is owned by the common landlord of a group of stores in a shopping center.[1] The parking lot is an integral part of the store, maintained to attract customers, and the duties of the storeowner with regard to the parking lot are essentially the same as those that relate to the inside of the store.[2]

█ The plaintiff relies solely on the presence of the footprints in the slick, disclaiming at oral argument any assistance from the evidence of tire tracks. This proof is undoubtedly insufficient if we are to follow the numerous cases holding that a period of as short as 20 minutes is not adequate to show constructive notice to the owner.[3] By our *Sheil* opinion, these periods may not be so important as they once

---

1. *Paster v. City of St. Louis,* 706 S.W.2d 517 (Mo.App.1986); *Boswell v. May Centers, Inc.,* 669 S.W.2d 585 (Mo.App.1984). See also *Jackson v. K–Mart Corp.,* 182 N.J.Super. 645, 442 A.2d 1087 (1981) and *Wilson v. Allday,* 487 So.2d 793 (Miss.1986) (merchant and shopping center owner had concurrent duty to maintain parking lot); *Hall v. Quivira Square Dev. Co.,* 9 Kan.App.2d 243, 675 P.2d 931 (1984) (duty to maintain parking lot on shopping center only); *Robke v. J. Weingarten, Inc.,* 455 F.2d 196 (8th Cir.1972) (store, rather than shopping center, liable where plaintiff tripped over shopping cart owned by store left on lot by earlier customer).

2. *Madden v. C & K Barbeque Carryout, Inc.,* 758 S.W.2d 59 (Mo. banc 1988); *Woods v. National Super Markets, Inc.,* 687 S.W.2d 689 (Mo.App. 1985); *Wyatt v. Southwestern Bell Tel. Co.,* 573 S.W.2d 386 (Mo.App.1978) (duty to maintain private sidewalk in reasonably safe condition); *Hoffman v. Kroger Co.,* 340 S.W.2d 152 (Mo. App.1960).

3. *Carraway v. National Super Markets, Inc.,* 741 S.W.2d 895 (Mo.App.1987); *Grant v. National Super Markets, Inc.,* 611 S.W.2d 357 (Mo.App. 1980); *Brophy v. Clisaris,* 368 S.W.2d 553 (Mo. App.1963).

were, especially if the evidence shows that employees of the store were regularly in the area in which the accident occurred.[4]

The plaintiff's problem is that the record is barren of evidence about the defendant's method of operation, either as to the store or the parking lot. The plaintiff introduced only her own testimony about the accident and the setting, and the defendant offered no evidence about this phase of the case. For this reason we are unable to say that the plaintiff made a submissible case.

We have to decide, therefore, whether there should be an outright reversal, or reversal and remand. The trial judge, in considering the motion for directed verdict, expressed the strong opinion that the plaintiff had made a case for the jury on the basis of the footprints in the slick spot. After the adverse decision of the court of appeals the plaintiff now seeks to make use of the deposition of the defendant's store manager, not offered in evidence at the trial, in which he said that employees of the store regularly went onto the parking lot through the exit door for the purpose of assisting customers with groceries, and to retrieve carts. If this evidence had been received the jury could possibly have found that the employees of the store would have been able to observe the slick spot before the plaintiff fell. The footprints would support an inference that the slick spot did not appear suddenly.

■ We conclude that we should reverse and remand for a new trial so as to permit the plaintiff to offer evidence about the occasion for store employees to go onto the parking lot. Numerous cases hold that an appellate court should reverse a plaintiff's verdict without remand only if persuaded that the plaintiff could not make a submissible case on retrial. The preference is for reversal and remand.[5]

■ The defendant argues that the plaintiff cannot raise new points in the court of appeals on motion for rehearing, or in this Court following transfer, unless the points were presented to the trial court and on initial appeal. Here, however, the plaintiff was the respondent on appeal. She was not obliged to anticipate reversal, or to raise conditional points.[6] Had the trial judge expressed any reservations about submissibility the plaintiff might have sought leave to reopen the case to introduce the evidence which was clearly available and which she now proffers.

We do not commend the plaintiff's strategy. She took a substantial chance by not introducing available evidence of the defendant store's use of the parking lot in doing business. Had the verdict gone against her she would have had no recourse. Nor can plaintiffs always be sure of the indulgence of appellate courts when they fail to offer essential evidence. But, under the circumstances of this case, and especially because of the indications from the *Sheil* holding that the jury may have a larger voice in slip and fall cases in the future, we are disposed to give the plaintiff another chance.

The judgment is reversed and the case is remanded for a new trial.

RENDLEN, HIGGINS and BILLINGS, JJ., concur.

GEORGE M. FLANIGAN, Special Judge, dissents in separate opinion filed.

ROBERTSON and COVINGTON, JJ., dissent and concur in dissenting opinion of GEORGE M. FLANIGAN, Special Judge.

---

4. *Alvey v. Sears,* 360 S.W.2d 231 (Mo.1962) (since manager had preceded plaintiff down aisle, store was on constructive notice of foreign object notwithstanding lack of showing length of time object had been on the floor); *Burns v. Schnuck Markets, Inc.,* 719 S.W.2d 499 (Mo. App.1986) (bag-boys who put grocery carts away ought to have noticed wobbly condition of wheel, thus store had constructive notice of defect).

5. *Lance v. Van Winkle,* 358 Mo. 143, 213 S.W.2d 401 (1948); *Casciaro v. Great Atl. & Pac. Tea Co.,* 238 Mo.App. 361, 183 S.W.2d 833 (1944).

6. *Noll v. Shelter Insurance Co.,* 774 S.W.2d 147 (Mo. banc 1989).

787

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.

GEORGE M. FLANIGAN, Special Judge, dissenting.

I respectfully dissent for the reasons stated in my dissenting opinion in *Sheil v. T.G. & Y. Stores Company*, 781 S.W.2d 778, 783 (Mo. banc 1989).

Further, I fail to see how the manner in which merchandising is conducted inside the store, whether self-service or otherwise, has anything to do with the liability of the store for the condition of its parking lot.

I would reverse the judgment.