Jack FORREST, Plaintiff–Appellant,

v.

SCHNUCKS MARKETS, INC., Defendant–Respondent.

No. 57467.

Missouri Court of Appeals, Eastern District, Division Two.

May 15, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 14, 1990.

Gregory D. O'Shea, St. Louis, for plaintiff-appellant.

Brown, James & Rabbitt, P.C., Russell F. Watters, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff appeals summary judgment for defendant. The petition alleged plaintiff was a customer of defendant on November 18, 1986 when he slipped and fell on defendant's parking lot. The petition assigned negligence to defendant's employees who: (1) caused the store's parking area to become littered with plastic bags where customers were likely to walk; (2) knew, or should have known, of the condition in time to clear the area of debris and trash but failed to do so; (3) failed to post warnings of a slippery condition; (4) failed to keep the parking area and entranceway free of debris and trash where customers were likely to walk; and (5) failed to keep the parking lot in good repair.

Plaintiff's deposition was taken on July 12, 1988. One week before the motion for summary judgment was filed the parties took the deposition of Bobby Joseph Lee, an eyewitness to the event. The motion for summary judgment was filed on March 30, 1989. Defendant's motion for summary judgment asserted: (1) plaintiff testified by deposition he was aware the wind had strewn plastic bags on the parking lot and he slipped on one of them; (2) plaintiff presented no evidence that defendant had actual knowledge of any bags blowing around on its property; (3) plaintiff failed to show the existence of any constructive knowledge by defendant regarding any bags that may have been on its property; and (4) plaintiff failed to prove defendant had any control over the plastic bags blowing in the wind.[1] The motion concluded plaintiff failed to prove essential elements of duty and causation, and therefore, summary judgment was proper.

In response to the motion, counsel for plaintiff informed the court discovery had not been completed on the issues of liability and injury. There would be additional discovery "including but not limited to, agents and employees of the defending company, witnesses to the scene of the accident, testimony of doctors and other testimony relevant to make a prima facie case." On May 22, 1989, defendant argued the motion for summary judgment. The court granted plaintiff's counsel leave to file an affidavit in opposition to defendant's motion for summary judgment. On June 5, 1989 plaintiff filed a sworn affidavit of Bobby Lee. Bobby Lee stated: (1) he witnessed plaintiff's fall on Schnucks' parking lot on

---

1. We assume defendant intended to say, "plaintiff could not prove" and "plaintiff could not show" constructive knowledge and control over the plastic bags to conform with the pleadings and burden of proof for summary judgment.

November 18, 1986; (2) plaintiff fell "when a plastic grocery bag, that to my knowledge was a Schnucks' bag, stuck to his foot and caused him to fall"; (3) as a frequent customer of Schnucks' store, he observed the parking lot was "always dirty and full of debris including plastic bags, waste paper, boxes, and other debris from the store"; and (4) "prior to the accident I had complained to people in the store about the condition on the parking lot, but those conditions were never remedied."

On July 13, 1989 the defendant again presented a motion for summary judgment to the trial court. The court ordered:

Defendant's motion is to be held in abeyance; that plaintiff is ordered to conduct the deposition and/or file affidavit of Bobby Lee, Jr., or any other person, within forty-five days from the date of this order, to counter defendant's motion for summary judgment.

\* \* \* \* \* \*

Failure by plaintiff to overcome defendant's motion will result in defendant's motion being sustained upon application.

The summary judgment from which plaintiff appeals was entered as follows on September 11, 1989:

Upon application of defendant, Schnuck [sic] Markets, Inc., the court finds that plaintiff failed to comply with this court's order of July 13, 1989. This court hereby orders that defendant's Motion for Summary Judgment be and is sustained. Costs are taxed in favor of defendant, Schnuck [sic] Markets, Inc., and against plaintiff, Jack Forrest.

■ The issue in this case is whether defendant was entitled to summary judgment as a matter of law on the authority of Rule 74.04(c). We review the entire record in the light most favorable to plaintiff, the party against whom summary judgment was entered. *E.O. Dorsch Electric Co. v. Plaza Const. Co.*, 413 S.W.2d 167, 169 (Mo.1967). This review is equivalent to a review of a court-tried case and if, as a matter of law, the judgment is sustainable on any theory, it must be affirmed. *McCready v. Southard*, 671 S.W.2d 385, 387 (Mo.App.1984). "Summary judgment

is authorized where the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Ronollo v. Jacobs*, 775 S.W.2d 121, 125 (Mo. banc 1989).

■ Defendant's theory is that plaintiff admitted he did not know where the plastic bag that caused his fall came from, but was aware that plastic bags were on the parking lot. Plaintiff testified there were other stores and businesses located near defendant's store. Plaintiff did not see which store's lettering appeared on the bag he slipped on. Plaintiff admitted he did not talk to or see any of defendant's employees on or near the parking lot on the day he fell, nor did he talk to any of defendant's employees before or after the fall.

In support of summary judgment defendant now argues that a "fleeting bag" caused the fall. Defendant's argument rests solely on plaintiff's deposition testimony. This testimony fails to offer evidence that defendant's employees were regularly in the area where plaintiff slipped on the bag, and depends upon the proposition that defendant has no obligation to keep the parking lot free of debris including plastic bags. Defendant contends plaintiff "offered no evidence that defendant possessed any control, superior knowledge or any knowledge about the alleged dangerous condition."

■ When we review the entire record in the light most favorable to plaintiff, we find as a matter of law the court erred in finding defendant was entitled to judgment. Bobby Lee's affidavit supports a finding plaintiff fell on a Schnucks' plastic grocery bag. It also supports a finding that defendant's parking lot was always dirty and full of debris including plastic bags, a fact complained of by Bobby Lee "to people in the store about." Although defendant argues the affidavit does not say the complaints were directed to employees of defendant, it does not rule out that possibility. In the light most favorable to

plaintiff the complaints were directed to employees of the store who then had actual knowledge of an existing, continuing dangerous condition, the very condition complained of by plaintiff as a breach of duty in the petition. Accordingly, the petition and the evidence available to the motion court presented disputed issues of actual or constructive knowledge of the existence of a dangerous condition, breach of duty to an invitee and proximate cause of the fall. When defendant provides plastic bags for customers and the bags are left on the parking lot the result is a condition foreseeable by the store. The store has a duty to use due care to protect customers from dangers of this kind. *Sheil v. T.G. & Y. Stores Co.*, 781 S.W.2d 778, 781 (Mo. banc 1989).

In *Sheil* the court adopted Restatement (Second) Torts § 343 comment b which reads:

> To the invitee the possessor owes ... the additional duty to exercise reasonable affirmative care to see that the premises are safe for the reception of the visitor, or at least to ascertain the condition of the land, and to give such warning that the visitor may decide intelligently whether or not to accept the invitation, or may protect himself against the danger if he does not accept it.

*Id* at 782.

*Sheil* involved a dangerous condition within the store. However, on the same day the Supreme Court decided *Sheil* it decided *Moss v. Nat'l. Supermarkets, Inc.*, 781 S.W.2d 784 (Mo. banc 1989). In *Moss*, a patron fell on defendant's parking lot. The court observed, "The parking lot is an integral part of the store, maintained to attract customers, and the duties of the storeowner with regard to the parking lot are essentially the same as those that relate to the inside of the store." *Moss*, 781 S.W.2d at 785. The summary judgment facts in the present case do not support judgment for defendant as a matter of law under the *Sheil* and *Moss* decisions.

■ In the alternative defendant argues "even if the standard for granting summary judgment was not met, the court pos-

sessed the discretionary power to dismiss plaintiff's case with prejudice for failure to comply with the court's previous order to conduct the deposition of or file the affidavit of Bobby Lee Jr." within a set period. Rule 74.04 does not authorize summary judgment for that reason. Moreover, the court did not exercise discretionary power to dismiss plaintiff's case, with or without prejudice. It granted summary judgment and it did so when there were material issues of fact in dispute.

We reverse and remand.

PUDLOWSKI, P.J., and CRANDALL, J., concur.