Rocky DORRIS, Plaintiff–Respondent,

v.

Tom MORGAN, Defendant–Appellant.

No. 18267.

Missouri Court of Appeals,
Southern District,
Division Two.

April 30, 1993.

Mark A. Kennedy, Kennedy & Kennedy, Poplar Bluff, for plaintiff-respondent.

Mary L. Dilks, L. Joe Scott and Daniel T. Moore, Poplar Bluff, for defendant-appellant.

PREWITT, Judge.

Plaintiff sought damages due to defendant removing a fence which plaintiff claimed divided his property from defendant's. Following nonjury trial judgment was entered in favor of plaintiff for $4,088.65. Defendant appeals.

Review is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990).

Due regard is given to the trial court's determination of the credibility of witnesses. Rule 73.01(c)(2). "The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the

record." *Kelley v. Prock*, 825 S.W.2d 896, 897 (Mo.App.1992). No findings of fact were requested or made. All facts therefore are considered as having been found in accordance with the result reached. Rule 73.01(a)(2).

The parties own land adjoining for a quarter of a mile. Plaintiff's property is directly west of defendant's. Plaintiff purchased his property in 1990 and defendant has owned his since 1967. Both parties pastured cattle on their property. A fence divided the property which plaintiff used to pasture cattle from that which defendant used. The evidence conflicted as to when the fence was built, but it was there when plaintiff purchased the property in 1990.

Following a survey reflecting that defendant had record title to property on both sides of the fence, on January 4, 1991, defendant tore the fence down. The survey, made by a registered land surveyor and admitted without objection, shows that the fence was east of the property line as stated in the parties' deeds. The survey shows the fence as being irregular varying from 11.2 feet to 37.6 feet from the record title line.

Plaintiff discovered that defendant was removing the fence and asked him to stop. Defendant would not. Plaintiff then called the sheriff's office, but defendant had removed the fence when a sheriff's deputy arrived. The deputy ordered defendant to rebuild the fence which he did approximately ten days later. Plaintiff contended that the new fence was inadequate to hold cattle and did not return his cattle to that pasture until the fall of 1991 when plaintiff completed what he considered an adequate fence.

Plaintiff filed suit for trespass and destruction of the fence. Plaintiff's theory is that defendant intentionally removed a "partition fence" in violation of § 537.350, RSMo 1986. He claimed as damages the cost of replacing the fence and the cost of moving and feeding his cattle, contending he had no other pasture in which they could adequately graze. Defendant contends the fence was not the boundary line and that

he had earlier erected it solely for the purpose of holding cattle.

Defendant has two points relied on, but we determine that one is dispositive. In it he asserts that the trial court erred because plaintiff failed to prove that the fence was the boundary line between the parties' properties. Defendant claims that the evidence conclusively established that the fence was on property to which he had record title and plaintiff did not establish title by adverse possession.

Plaintiff counters that there was evidence which established that the fence was the boundary line. Plaintiff relies on testimony of defendant that he had the survey to "reestablish the property line." Plaintiff also points to testimony of Orvil Ray Combs who when asked, "Are you familiar with the fence that is the boundary line between Mr. Morgan's property and Mr. Dorris' property?" responded, "Yes. I've seen it for a long time." Plaintiff also refers to the portion of Mr. Combs' testimony that the fence was erected in the "late fifties" or "sixties" and that the man who apparently previously owned plaintiff's land had cattle and horses on the property "in the late fifties".

As record title to the land on both sides of the fence is in defendant, plaintiff obviously must show that he had acquired title in some manner to the land up to the fence. Plaintiff cites as being "very similar" *Anderson v. Carden*, 667 S.W.2d 454 (Mo. App.1984). In *Anderson*, plaintiff sought to establish title by adverse possession, actual damages and double damages under §§ 537.330 and 537.350, RSMo 1978. The opinion in *Anderson*, 667 S.W.2d at 455, stated that legal title to the property was established by plaintiff showing that she and her husband had "for a period of more than 30 years, openly, notoriously, exclusively, and continuously possessed the disputed tract under a hostile and adverse claim of right." No such showing was made here.

To establish title by adverse possession, plaintiff would have to show that he or his predecessors had possession that was "(1) hostile, that is, under claim of right; (2)

actual; (3) open and notorious; (4) exclusive; and (5) continuous, over the statutory period." *City of South Greenfield v. Cagle,* 591 S.W.2d 156, 159 (Mo.App.1979). *See also Conran v. Girvin,* 341 S.W.2d 75 (Mo. banc 1960) (trespass action); *Robertson v. Welch,* 246 S.W.2d 828 (Mo.App. 1952) (trespass action).[1]

In discussing the effect of a fence this district said in *Dambach v. James,* 587 S.W.2d 640, 643 (Mo.App.1979):

> While the location of the fence may be a factor in determining the property line, it is not conclusive in the absence of other findings. See Annotation 170 A.L.R. 1144. The mere location of a fence does not establish the boundary line, since a fence may be placed for other purposes.

Plaintiff presented evidence that seems to show that the fence was there by the 1950's or 1960's and that someone in the late 1950's had livestock on the property. There was no evidence from then until plaintiff purchased the property in 1990. The first four required elements must be shown to have occurred over the statutory period, a minimum of ten years. Section 516.010, RSMo 1986. *Cagle,* 591 S.W.2d at 160. The testimony of defendant that he had the survey to "reestablish the property line" does not supply the deficiency. It cannot be reasonably taken as an admission that plaintiff owned the property to the fence. In his testimony defendant later explained that he did not consider that there was an "established" property line following the fence but used "a poor choice of words".

Plaintiff failed to show that he owned the property up to the fence line and thus did not establish that defendant destroyed a boundary or partition fence. The next question is whether the judgment should be reversed or reversed and remanded for a new trial.

■ An appellate court should not reverse a judgment without remanding, unless it is convinced that a recovery cannot

be had. *State ex rel. Div. of Fam. S. v. Standridge,* 676 S.W.2d 513, 517 (Mo. banc 1984). A case should not be reversed for failure of proof without remanding, unless the record indicates that the available evidence has been fully presented, and that no recovery can be had. *Id.*

The Supreme Court of Missouri stated in *Moss v. National Super Markets, Inc.,* 781 S.W.2d 784, 786 (Mo. banc 1989):

> "Numerous cases hold that an appellate court should reverse a plaintiff's verdict without remand only if persuaded that the plaintiff could not make a submissible case on retrial. The preference is for reversal and remand."

The record does not establish that all available evidence was presented and that plaintiff could not recover. Following the preference for reversal and remand for a new trial, this court concludes that plaintiff should have an opportunity to present evidence to establish that he owned the land up to the fence.

The judgment is reversed and the cause remanded for a new trial.

FLANIGAN and GARRISON, JJ., concur.

---

**1.** Plaintiff did not attempt to establish at trial, nor does he contend here that there had been an uncertain or disputed boundary line which was established by agreement, with possession taken and continuing. See *Kelley v. Prock,* 825 S.W.2d 896, 899 (Mo.App.1992).