No. 67,057

ROBERT STEELE, SHELDON WULF, RONALD WAITS, GARY DAVIS, GARETH SMITH, BILL WARFIELD, JAMES WALTERS, and EMERY L. GOAD, *Appellants,* v. CITY OF WICHITA, *Appellee.*

(826 P.2d 1380)

Opinion filed February 28, 1992.

*Joseph H. Cassell,* of Cassell and Lower, of Wichita, argued the cause, and *Bruce C. Ward,* of Wichita, was with him on the brief for appellants.

*Thomas R. Powell,* of Hinkle, Eberhart & Elkouri, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a first-impression statutory interpretation case coming to us as a declaratory judgment action seeking: (1) a determination that persons, duly appointed as general process servers under K.S.A. 1991 Supp. 60-303(c)(3), have the authority and power to serve all process, including writs of execution and orders of attachment; and (2) an injunction enjoining the City of Wichita (City) from interfering with such service of process.

Eight individual plaintiffs, Robert Steele, Sheldon Wulf, Ronald Waits, Gary Davis, Gareth Smith, Bill Warfield, James Walters, and Emery L. Goad, have been appointed process servers by a judge or clerk of the 18th Judicial District under K.S.A. 1991 Supp. 60-303(c)(3). The process server plaintiffs (process servers) brought this action against the City.

The trial court ruled that K.S.A. 1991 Supp. 60-303(c)(3) limits the authority of general-appointment process servers to serve summonses, petitions, and those documents that might be attached to a summons.

We granted the process servers' motion to transfer from the Court of Appeals. Our jurisdiction is under K.S.A. 20-3017.

The issue for resolution in the case at bar centers on the breadth of K.S.A. 1991 Supp. 60-303(c)(3). What is the extent of the authority the legislature intended for process servers under a general appointment? What is the relationship of K.S.A. 60-706, K.S.A. 60-2401, and K.S.A. 1991 Supp. 60-303(c)(3) in describing the authority of general-appointment process servers?

We hold that K.S.A. 1991 Supp. 60-303(c)(3) authorizes process servers, under a general appointment, to serve all process which is complete upon delivery unless special statutes require service by the sheriff or person authorized to exercise the duty of a sheriff.

We agree with the trial court that K.S.A. 60-706 and K.S.A. 60-2401 do not authorize court-appointed general process servers to serve writs of execution and orders of attachment.

### Facts

The parties stipulated to the following facts and legal issues:

"1. Plaintiffs have all been appointed as process servers by a Judge or Clerk of the 18th Judicial District, pursuant to K.S.A. [1991 Supp.] 60-303(c)(3).

"2. Plaintiffs have relied on K.S.A. [1991 Supp.] 60-303(c)(3), [K.S.A.] 60-706(b), [K.S.A.] 60-2401 and other statutes, to serve, execute, and carry out writs of execution, attachment, restitution or assistance, and other similar court orders or process. Plaintiffs also seize property, retain possession thereof, cause such property to be sold at judicial sale, and transfer title to such property to such purchasers.

"3. On occasion, police officers have been called to the scene by the Plaintiffs, the person on whom a writ of execution or other Court order is being carried out, or by parties who are not involved but who have observed the Plaintiffs carrying out the execution, writ, or other court order or process.

"4. Police officers are called to the scene where writs of execution and other court orders or process are being carried out, most often, because an alleged breach of the peace is occurring or there is a fear that a breach of the peace will occur. More often than not Plaintiffs have called police to the scene.

"5. Plaintiffs maintain they have authority under their appointment as a process server under K.S.A. [1991 Supp.] 60-303(c)(3) to execute or carry out a writ of execution, writ of attachment, or other similar court order or process, and they maintain they have the authority to seize property and retain possession thereof to the same extent that a sheriff or other law enforcement has as provided by law.

"6. Police officers, upon arrival at a scene where Plaintiffs are executing or carrying out a writ of execution, writ of attachment, or other similar court order or process, have on occasion stopped the carrying out of such court order or process for the purpose of conducting an investigation into an alleged breach of peace. On such occasions certain of the Plaintiffs have been threatened with arrest and Plaintiff Goad has been arrested for provoking an assault, disorderly conduct and interfering with a police officer.

"7. Police officers have also on occasion, when called to a scene, reviewed the documentation that allegedly empowers Plaintiffs to serve process, carry out a writ of execution, writ of attachment, or other similar court order or process, and such review has resulted in Plaintiffs being delayed in their service and execution.

"8. The parties agree that if this Court renders judgment, there exists a factual basis for some form of permanent equitable relief consistent with said judgment. Parties may propose forthwith the appropriate equitable order or injunctive relief. The parties hereby respectfully request the Court to render such determination as expeditiously as possible, to protect the parties and enforce the declaratory judgment of the Court.

"9. The parties agree that the temporary Restraining Order entered June 27, 1991, shall remain in full force and effect until further Order of this Court.

"Issues

"1. Is a person appointed as process server under K.S.A. [1991 Supp.] 60-303(c)(3) authorized and empowered to execute and carry out writs of

execution, attachment, restitution or assistance, and other similar court order or process pursuant to K.S.A. 60-706(b), 60-2401 and other statutes?

"2. Does a person appointed under K.S.A. [1991 Supp.] 60-303(c)(3) have the authority during the serving of executions and carrying out writs of execution, attachment, restitution, assistance or other court orders, to breach the peace if reasonably necessary, pursuant to other statutes such as K.S.A. 60-706(b), 60-2401?

"3. Does a police officer who is called to the scene when a writ of execution, writ of attachment, or other similar court order or process is being carried out have authority to temporarily stop or delay the serving or execution of such court order or process for the purpose of conducting an investigation into alleged breaches of the peace? Further, does the police officer have the authority to review the documentation that such person (who is serving the Court order or process) has in his possession that relates to the order being served?

"4. Does a person appointed under K.S.A. [1991 Supp.] 60-303(c)(3) and other statutes such as K.S.A. 60-706(b) and 60-2401 have the authority to sell and transfer title to property seized according to law?"

## Ruling of the Trial Court

The trial court adopted the stipulation of facts and ruled for the City, finding, as a matter of law, that K.S.A. 1991 Supp. 60-303(c)(3) "limits the appointment of individuals as process servers to the issuance of summonses." The trial court stated: "K.S.A. [1991 Supp.] 60-303(c)(3) does not authorize a general appointment that empowers an individual to serve all process." The trial court stated that it was not ruling whether a district court judge may specially appoint individuals to serve writs of execution, attachment, or other court process under K.S.A. 60-706 or K.S.A. 60-2401 *et seq.* because the issue was not fairly before the court. The trial court did not reach the stipulated issues 2, 3, and 4, stating its ruling made such issues moot.

## Scope of Review

This case was decided by the trial court on the basis of stipulated facts; consequently, we exercise de novo review. *Kneller v. Federal Land Bank of Wichita,* 247 Kan. 399, 400, 799 P.2d 485 (1990). In addition, the issue is one of statutory construction, which is subject to unlimited appellate review. See *Pyeatt v. Roadway Express, Inc.,* 243 Kan. 200, 204, 756 P.2d 438 (1988).

The trial court's ruling related only to a general appointment; consequently, our opinion also is limited to general appointments.

## Argument of the Process Servers

Plaintiffs assert that K.S.A. 1991 Supp. 60-303(c)(3) authorizes persons appointed generally as process servers to serve "all process," including writs of execution and orders of attachment. They emphasize that all reference in K.S.A. 1991 Supp. 60-303 is to "process" and not solely to "summons." Plaintiffs contend "process" means all legal writs, orders, and summonses, including writs of execution. The limiting language of K.S.A. 1991 Supp. 60-303(c)(3), "under this subsection," makes clear that process servers appointed under K.S.A. 1991 Supp. 60-303(c)(3) may not serve process by certified mail. Plaintiffs contend the 1990 legislature amended article 3, chapter 60, by substituting "process" for "summons and petition" (L. 1990, ch. 202, § 5; K.S.A. 1991 Supp. 60-304) and substituting "summons" for "process" (L. 1990, ch. 202, § 9; K.S.A. 1991 Supp. 60-308). K.S.A. 1991 Supp. 60-312(a)(1) provides for proof of service of "summons or other process" made by an officer. If service of "such process" is directed to a nonofficer, K.S.A. 1991 Supp. 60-312(a)(2) directs the nonofficer to make an affidavit as to time, place, and manner of service. Plaintiffs assert that if a nonofficer may file a return of service, such nonofficer must be able to serve process. Plaintiffs declare that if appointed process servers are limited to service of summonses under K.S.A. 1991 Supp. 60-303(c)(3), then sheriffs are also limited to service of summonses. Therefore, no one is authorized to serve any process other than a summons under K.S.A. 60-301 *et seq.*

Plaintiffs contend K.S.A. 1991 Supp. 60-303(b) excludes service by certified mail for service provided for in K.S.A. 1991 Supp. 60-903 (restraining order without notice), K.S.A. 1991 Supp. 60-906 (injunction order, restraining order), and K.S.A. 1991 Supp. 60-3104 (protection from abuse). Service under these statutes must be personal and can only be served under K.S.A. 1991 Supp. 60-303(c)(3). If K.S.A. 1991 Supp. 60-303(c)(3) is limited to summonses, there is no mechanism under article 3 for service of process under K.S.A. 1991 Supp. 60-903, 60-906, and 60-3104. Finally, plaintiffs argue that the legislative history, specifically the testimony by a representative of the Judicial Council, indicates that the 1986 amendments authorizing general appointments

would allow service of all process by process servers serving under a general appointment.

The City's Position

The City contends "all process" as used in K.S.A. 1991 Supp. 60-303(c)(3) was intended to refer to "original process," which is synonymous with summons. The limiting language "under this subsection" in 60-303(c)(3) refers back to 60-303(c)(1), which involves personal and residence service of "process and petition, or other document to be served," which means summonses and petitions and documents that may be attached to petitions. The amendments to article 3 changing "summons" to "process" did not give plaintiffs the authority to serve writs of execution and orders of attachment. K.S.A. 1991 Supp. 60-303(c)(3) is limited to service under K.S.A. 1991 Supp. 60-303(c)(1), *i.e.*, service of summonses, petitions, and other related attached documents. Addressing plaintiffs' K.S.A. 1991 Supp. 60-303(b) argument, the City asserts that K.S.A. 1991 Supp. 60-903, 60-906, and 60-3104 deal with the process of bringing a party into a lawsuit, in other words, original process. Finally, the City contends the legislative history does not indicate the Judicial Council was advocating that process servers were to be appointed to serve process other than summonses, petitions, and attached documents.

K.S.A. 1991 Supp. 60-303(c)(3)

A fundamental rule of statutory construction is that the intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, legislative intent is to be determined from a general consideration of the entire act. It is our duty, as far as practicable, to reconcile the different provisions to make them consistent, harmonious, and sensible. *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987).

We must give effect to the legislature's intent even though words, phrases, or clauses must be omitted or inserted in the statute. In determining legislative intent, we are not limited to consideration of the language used in the statute. We may look to the historical background of the statute, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. *Read v. Miller*, 247 Kan. 557, 561-62, 802 P.2d 528 (1990). Ordinarily, courts presume that by changing the language of a

statute the legislature intends to change its effect. However, the presumption may be strong, weak, or absent, depending on the circumstances. *Board of Education of U.S.D. 512 v. Vic Regnier Builders, Inc.,* 231 Kan. 731, 736, 648 P.2d 1143 (1982).

Having stated the rubric for statutory construction, we turn to the key statute in issue.

K.S.A. 1991 Supp. 60-303(c) states in part:

"*Personal and residence service.* (1) When the plaintiff files a written request with the clerk for service other than by certified mail, service of process shall be made by personal or residence service. Personal service shall be made by delivering or offering to deliver a copy of the process and accompanying documents to the person to be served. Residence service shall be made by leaving a copy of the *process and petition, or other document to be served,* at the dwelling house or usual place of abode of the person to be served with some person of suitable age and discretion residing therein. If service cannot be made upon an individual, other than a minor or a disabled person, by personal or residence service, service may be made by leaving a copy of the *process and petition, or other document to be served,* at the defendant's dwelling house or usual place of abode and mailing a notice that such copy has been left at such house or place of abode to the individual by first-class mail.

"(2) When process is to be served under this subsection, the clerk of the court shall deliver *the process* and sufficient copies of *the process and petition, or other document to be served,* to the sheriff of the county where the process is to be served or, if requested, to a person appointed to serve process or to the plaintiff's attorney.

"(3) Service of *all process* under this subsection shall be made by a sheriff within the sheriff's county, by the sheriff's deputy, by an attorney admitted to the practice of law before the supreme court of Kansas or *by some person appointed as a ,process server* by a judge or clerk of the district court, except that a subpoena may also be served by any other person who is not a party and is not less than 18 years of age. *Process servers shall be appointed freely and may be authorized either to serve process in a single case or in cases generally during a fixed period of time.* A process server or an authorized attorney may make the service anywhere in or out of the state and shall be allowed the fees prescribed in K.S.A. 28-110, and amendments thereto, for the sheriff." (Emphasis added.)

The City relies on Black's Law Dictionary 1205 (6th ed. 1990), as authority that "process" means summons and petition only.

The legislative history of K.S.A. 1991 Supp. 60-303(c)(3), however, leads to the conclusion that the term "process" as used in the statute is broad enough to include delivery of all process of the court.

The 1990 legislature added subsections (b), (c)(1), and (c)(2) to 60-303. The major 1990 change in 60-303 was the addition of subsection (b), which provided for service by certified mail. The only significant difference in K.S.A. 1991 Supp. 60-303(c)(3) is the additional language, "under this subsection." "[U]nder this subsection" was not necessary when 60-303 only authorized personal and residence service. Thus, the phrase "under this subsection" limits the provisions in 60-303(c)(3) to personal and residence service as defined in 60-303(c)(1).

K.S.A. 60-303 (Corrick) was first enacted in 1963 when Kansas revised the Code of Civil Procedure to conform to the Federal Rules of Civil Procedure. Originally, K.S.A. 60-303 (Corrick) provided:

"*By whom served.* Service of all process shall be made by a sheriff within his county, by his deputy or by some person specially appointed by the judge for that purpose, or in his absence, by the clerk, except that a subpoena may be served as provided in section 60-245(*d*). Special appointments to serve process shall be made freely when substantial savings in travel fees will result. A person specially appointed to serve process may make such service any place in the state, and shall be allowed the same fees as the sheriff for similar services."

In 1 Gard's Kansas C. Civ. Proc. 2d Annot., Ch. 60, Art. 3 (1979), the Prefatory Note of the Advisory Committee states:

"Generally an effort has been made to provide, under this article, *a complete method of service for every possible civil remedy. It is sufficiently complete that all other methods of service provided in numerous chapters of the statutes can be repealed except where the service is tied to the substantive law for constitutional reasons.* We have not attempted to do the repealing. This can be done from time to time as the legislature desires. The methods presented here are alternative to but not in restriction of the different methods specifically provided by law." (Emphasis added.)

The 1963 version of 60-303 was substantially similar to the original version of Fed. R. Civ. Proc. 4(c), which provided:

"**By Whom Served.** Service of all process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose, except that a subpoena may be served as provided in Rule 45. Special appointments to serve process shall be made freely when substantial savings in travel fees will result."

The 1986 amendment to 60-303 changed the statute to substantially the same language that is now contained in K.S.A. 1991

Supp. 60-303(c)(3). The major change in the 1986 amendment deleted the reference to specially appointed process server and added the language: *"Process servers shall be appointed freely and may be authorized either to serve process in a single case or in cases generally during a fixed period of time."* L. 1986, ch. 215, § 14. A Judicial Council staff attorney appeared before the Senate Committee on Judiciary in 1986, stating that the bill (Senate Bill 480) contained amendments relating to the rules of civil procedure and service of process recommended by the Civil Code Advisory Committee and approved by the Judicial Council. The staff attorney testified:

"The amendments [to K.S.A. 60-301 and K.S.A. 60-303, respectively] would allow service of the summons and petition and *other process* by Kansas attorneys and appointed process servers in addition to service by the sheriff. The amendments were prompted in part by the federal practice of making service of the summons and complaint the responsibility of the plaintiff rather than the U.S. Marshal." (Emphasis added.) Minutes of the Senate Committee on Judiciary, February 5, 1986, Attachment I.

When the 1986 amendment to 60-303 was passed, the current version of Fed. R. Civ. Proc. 4(c) was in effect and differentiated between service of a summons and complaint and service of other process. Fed. R. Civ. Proc. 4(c) now states in part:

"**Service.**
"(1) Process, other than a subpoena or a summons and complaint, shall be served by a United States marshal or deputy United States marshal, or by a person specially appointed for that purpose.
"(2)(A) A summons and complaint shall, except as provided in subparagraph (B) and (C) of this paragraph, be served by any person who is not a party and is not less than 18 years of age."

The Judicial Council and the legislature, contrary to Fed. R. Civ. Proc. 4(c), chose not to distinguish between service of a summons and petition and service of other process. K.S.A. 60-303 was originally adapted from the Fed. R. Civ. Proc. 4(c) in effect in 1963. Both statutes used the language "all process."

In 1966, the Fifth Circuit Court of Appeals held that Rule 4(c) governs the service of writs of garnishment issued in federal court. *United States v. St. Paul Mercury Insurance Company*, 361 F.2d 838 (5th Cir. 1966). Thus, "all process" in Rule 4(c) was not limited to service of summonses and complaints.

We conclude that "process" as used in K.S.A. 1991 Supp. 60-303 was intended to be broader than summonses, petitions, and documents which may be attached. The broader interpretation is consistent with the interpretation extended to the earlier version of Fed. R. Civ. Proc. 4(c) from which K.S.A. 60-303 was originally adapted. See, *e.g.*, *St. Paul Mercury Insurance Co.*, 361 F.2d at 839.

Our reasoning that "all process" as used in K.S.A. 1991 Supp. 60-303(c)(3) refers to process other than summonses, petitions, and attached documents does not, however, lead to the conclusion that the legislature intended to grant authority for process servers under a general appointment to serve writs of execution and orders of attachment. As we discuss later in this opinion, K.S.A. 60-2401 and 60-706 limit the authority for service of such writs to sheriffs or other law enforcement officers. Furthermore, service of process involving obligations of the process server beyond serving notice invokes other duties and responsibilities which may require the enforcement presence of a sheriff. Where enforcement may be required, it would be improper to appoint a person who does not possess the same statutory powers. See 4A Wright & Miller, Federal Practice and Procedure: Civil § 1091 (1987).

The policy preventing the service of writs of execution and orders of attachment by generally appointed process servers may be reconciled with the language of K.S.A. 1991 Supp. 60-303(c)(3). K.S.A. 1991 Supp. 60-303(c)(3) authorizes only *service* of process, *i.e.*, the delivery of process. The statute does not authorize the *execution* of process. Thus, general process servers appointed under K.S.A. 1991 Supp. 60-303(c)(3) are authorized to serve any process which only involves delivery of the process.

The trial court erred in limiting "all process" to summonses, petitions, and attached documents. K.S.A. 1991 Supp. 60-303(c)(3) is broad enough to authorize the general appointment of process servers to serve all process which is complete upon the delivery of the process; consequently, we need not address the process servers' 60-303(b) argument.

### K.S.A. 60-706 and K.S.A. 60-2401

Plaintiffs argue that K.S.A. 60-706 and K.S.A. 60-2401 authorize process servers under a general appointment to serve writs of execution and orders of attachment. K.S.A. 60-2401(a) au-

thorizes "an officer" to seize nonexempt property. A writ of execution is served in the same manner as an order of attachment under K.S.A. 60-706 through 60-710. K.S.A. 60-2401(d). K.S.A. 60-706 authorizes a sheriff or "other officer" authorized by law to serve an order of attachment in the same manner as an ordinary summons under article 3. (K.S.A. 60-301 *et seq.*) Plaintiffs contend that a court-appointed process server under a general appointment is an "officer" of the court and authorized to serve writs of executions and orders of attachment under K.S.A. 60-706 and 60-2401.

K.S.A. 60-2401 provides in part:

"**Writ of execution.** (a) *Definitions.* A general execution is a direction to an officer to seize any nonexempt property of a judgment debtor and cause it to be sold in satisfaction of the judgment. A special execution or order of sale is a direction to an officer to effect some action with regard to specified property as the court determines necessary in adjudicating the rights of parties to an action.

"(b) *By whom issued.* Executions and orders of sale shall be issued by the clerk at the request of any interested person and directed to the appropriate officers of the counties where they are to be levied.

. . . . .

"(d) *Manner of levy.* A general execution shall be levied upon any real or personal nonexempt property of the judgment debtor in the manner provided for the service and *execution* of orders of attachment under K.S.A. 60-706 through 60-710, and amendments thereto. Oil and gas leaseholds, for the purposes of this article, shall be treated as real property. Special executions or orders of sale shall be levied and executed as the court determines." (Emphasis added.)

K.S.A. 60-706 provides in part:

"**Attachment order.** (a) *Issuance and contents.* The order of attachment shall be delivered to the sheriff of any county or other officer authorized by law to serve the same, and shall command such sheriff or officer to attach the property of the defendant or so much thereof as will be sufficient to satisfy the plaintiff's claim . . . .

"(b) *Manner of serving order.* The attachment order shall be served as follows:

"(1) *Service of attachment.* In addition to the process required under article 3 of this chapter, the order of attachment shall be *served* upon the defendant, if the defendant can be found, in the same manner as an ordinary summons, and a return made thereof.

"(2) *Manner of executing order, inventory.* The order of attachment shall be *executed* by the officer without delay. . . ." (Emphasis added.)

Both K.S.A. 60-706 and 60-2401 distinguish between service and execution. K.S.A. 1991 Supp. 60-303(c)(3) only authorizes service.

K.S.A. 19-812 provides:

"The sheriff, in person or by his undersheriff or deputy, shall serve and *execute*, according to law, all process, writs, precepts and orders issued or made by lawful authority and to him directed, and shall attend upon the several courts of record held in his county, and shall receive such fees for his services as are allowed by law." (Emphasis added.)

K.S.A. 19-812 specifically authorizes the sheriff, undersheriff, or deputy to *execute* writs. K.S.A. 19-804a authorizes the county clerk to exercise all the powers and duties of the sheriff when there is no sheriff in an organized county. K.S.A. 19-801a requires the sheriff to execute a bond. K.S.A. 19-820 provides for penalties when the sheriff neglects to make return of "any writ or process."

A review of K.S.A. 19-812, 19-804a, 19-801a, and 19-820 leads us to conclude that "officer" as used in K.S.A. 60-706 and K.S.A. 60-2401 refers to sheriffs, undersheriffs, deputies, county clerks, and others who are authorized by law to exercise the sheriff's duties. In addition, K.S.A. 1991 Supp. 60-312(a) distinguishes between the manner in which officers and nonofficers return proof of service. If plaintiffs' argument that persons authorized to serve process are officers of the court had merit, there would be no need to distinguish between officers and nonofficers.

K.S.A. 1991 Supp. 60-303 is a general statute regarding service, of process. K.S.A. 60-706 and K.S.A. 60-2401 are specific statutes dealing with service and execution of writs of execution and orders of attachment. The specific statutes control. See *Kansas Racing Management, Inc. v. Kansas Racing Comm'n*, 244 Kan. 343, 353, 770 P.2d 423 (1989).

K.S.A. 60-706 and K.S.A. 60-2401 require a sheriff or person authorized to exercise the duty of a sheriff to serve and execute writs of executions and orders of attachment. Such statutes do not authorize process servers under a general appointment to serve and execute such writs.

We reverse the trial court's holding that K.S.A. 1991 Supp. 60-303(c)(3) limits process servers operating under a general appointment to serving summonses, petitions, and attached documents. We hold that K.S.A. 1991 Supp. 60-303(c)(3) authorizes

general appointment process servers to serve all process which is complete upon delivery unless specific statutes require the sheriff or persons authorized to exercise the duty of a sheriff to serve the same.

We affirm the trial court's ruling that K.S.A. 60-706 and 60-2401 do not authorize process servers under a general appointment to serve writs of execution and orders of attachment.

Affirmed in part and reversed in part.