Betty A. Bomar, Director Crime Victims Compensation Board Jayhawk Tower, Suite 400 700 S.W. Jackson Topeka, Kansas 66603-3741
Dear Ms. Bomar:
As director of the crime victims compensation board (board), you request our opinion regarding whether the one year time limitation in which a claim for compensation must be filed with the board begins to run from the date on which the crime is committed or from the date on which the crime is discovered.
It is our understanding that you raise this issue as the board has received a claim for compensation submitted on behalf of a missing person. Although the claim was filed within one year from the date on which the crime was discovered, the claim was filed more than one year after the date on which the crime was actually committed.
Subsection (b) of K.S.A. 74-7305 states in part:
 "Compensation may not be awarded unless an application has been filed with the board within one year of the reporting of the incident to law enforcement officials if the victim was less than 16 years of age and the injury or death is the result of any of the following crimes. . . . For all other incidents of criminally injurious conduct, compensation may not be awarded unless the claim has been filed with the board within one year after the injury or death upon which the claim is based." (Emphasis added.)
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislation. Todd v. Kelly, 251 Kan. 512, 515 (1992). In determining legislative intent, courts are not limited to a mere consideration of the language employed but may properly look into historical background of the enactment, the circumstances attending and subsequent to its passage, the purposes to be accomplished, and the effect the statute may have under the various constructions suggested.Steele v. City of Wichita, 250 Kan. 524, 529 (1992). All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference to it. Early Detection Center, Inc. v.Wilson, 248 Kan. 869, 874 (1991).
In Attorney General Opinion No. 91-19, the effect of the one year requirement on a claim submitted on behalf of a 14-year old child was considered. The child has been the victim of indecent liberties occurring over a period of four to five years. Medical expenses were incurred by the victim over a three-year period prior to discovery of the victimization. Upon discovery of the victimization, a report was filed with law enforcement officials. It was determined, however, that the time limitations set forth in subsections (b) and (e) of the statute are mandatory, and that:
 "[C]ompensation may not be awarded unless the claim for compensation is filed within one year after the occurrence of the criminally injurious conduct and the criminal injurious conduct has been reported to a law enforcement officer within 72 hours of its occurrence unless the board finds good cause for failure to report within 72 hours." Attorney General Opinion No. 91-19 (emphasis added).
Subsequent to issuance of the opinion, the statute was amended to its present form, thereby permitting claims of certain victims of designated crimes to be filed within one year after reporting the crime to lawenforcement officials rather than within one year after occurrence of theinjury or death. The amendment, however, does not modify the intent of the legislature regarding the filing of claims on behalf of victims of all other crimes. Therefore, pursuant to subsection (b0 of K.S.A. 74-7305, compensation may not be awarded unless the claim has been filed with the board within one year after the occurrence of the injury or death upon which the claim is based, unless the victim was less then 16 years of age and the injury or death is a result of one of those crimes set forth in subsections (b)(1) through (b)(8) of K.S.A. 74-7305.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm