Mr. Kerwin Spencer Sumner County Attorney Sumner County Courthouse 500 N. Washington Wellington, Kansas 67152-0497
Dear Mr. Spencer:
As attorney for Sumner county, you request our opinion regarding whether a person appointed to serve in the 30th judicial district as district judge in Sumner county must be a resident of Sumner county at the time of nomination, election, or selection.
You raise this issue in part because of the determination set forth in Attorney General Opinion No. 92-30, regarding the residence requirements for district judges in the 20th judicial district. In that opinion, it was determined that two of the district judge positions were clearly subject to a residence requirement at the time of nomination, election, or selection. Only after a review of the history of the district courts were we able to determine that the third district judge position was likewise subject to a residence requirement at the time of nomination, election, or selection. You believe that the district judge position located in Sumner county is similiar to the third district judge position reviewed in Attorney General Opinion No. 92-30.
Residence requirements for district judges are set forth in K.S.A.20-331. If a district judge position was created because of the abolition of an associate district judge position, the residence requirement may be effected by the provisions of subsection (e) of K.S.A. 20-364. The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515
(1992). In determining legislative intent, courts are not limited to a mere consideration of the language employed but may properly look into historical background of the enactment, the circumstances attending and subsequent to its passage, the purposes to be accomplished, and the effect the statute may have under the various constructions suggested.Steele v. City of Wichita, 250 Kan. 524, 529 (1992).
As was the situation with the 20th judicial district reviewed in Attorney General Opinion No. 92-30, it is necessary to review the history of the 30th judicial district in order to determine whether a person appointed to serve as district judge in Sumner county must be a resident of the county at the time of nomination, election, or selection.
In L. 1968, ch. 385, sec. 1, the legislature abolished the 41 judicial districts as in effect on January 13, 1969. Following county lines, the legislature established 29 new judicial districts. L. 1968, ch. 385, secs. 2 to 30. Eighteen of the 29 judicial districts were, by statute, to be divided into divisions. Judges of the district court served each judicial district, with the requirement that persons serving in such positions be residents of the respective judicial districts at the time of nomination, election, or selection. L. 1968, ch. 385, sec. 36. The statute further provided that:
 "[N]o person shall be eligible for nomination, election or appointment to the office of district judge in any division of any district court for which there has been established, under the provisions of this act, residence requirements for the holding of such office, in which he is not a resident at the time of such nomination, election or appointment." Id.
In 1976, the legislature adopted legislation recognizing three classes of judges of the district courts: district judges; associate district judges; and district magistrate judges. L. 1976, ch. 146, sec. 10. The associate district judge positions and the district magistrate judge positions to be established January 10, 1977 were set forth in L. 1976, ch. 146, sec. 16. The residence requirement remained in effect and was applicable to associate district judge positions and district magistrate judge positions. L. 1976, ch. 145, sec. 85. Seventeen of the 29 judicial districts were required by statute to be divided into divisions.
The 30th judicial district was originally established in 1982. L. 1982, ch. 130, sec. 10. The judicial district was served by one district judge position, three associate district judge positions, "with positions one and two in Sumner county and position three in Barber, Harper, Kingman or Pratt county," and four district magistrate judge positions, "with position one in Barber county, position two in Harper county, position three in Kingman county and position four in Pratt county." L. 1982, ch. 130, secs. 10, 14. The persons initially appointed to serve in such positions were persons who had been serving as judges in those counties that comprised the 30th judicial district. L. 1982, ch. 130, sec. 10. In 1982, 15 of the state's judicial districts were required by statute to be divided into divisions. Unlike the provisions regarding the 20th judicial district, the provisions establishing the 30th judicial district did not expressly provide that the judges were to be residents of a particular county, nor was there a statutory requirement that divisions be established in the 30th judicial district. See L. 1976, ch. 145, sec. 20; L. 1982, ch. 130, sec. 10.
During the 1983 legislative session, the legislature enacted K.S.A.20-364 which provided for the abolishment on January 12, 1987 of all associate district judge positions. "On and after January 12, 1987, there is hereby created, in each judicial district, new district judge positions equal in number to the associate district judge positions abolished in the district. . . ." K.S.A. 20-364(b). K.S.A. 20-364
further states:
 "(e) If it is provided by law that an associate district judge position eliminated pursuant to this section shall be in a particular county and if a new division of the district court is created to replace that associate district judge position, any district judge of the new division of the district court shall be required to be a resident of the county in which the former associate district judge position was located." (Emphasis added.)
At the time of enactment of K.S.A. 20-364, 13 of the state's 31 judicial districts were subject to a requirement that divisions be established. (The 31st judicial district was established in L. 1983, ch. 150, sec. 7.) The 30th judicial district continued to be one of the judicial districts which was not subject to a statutory requirement that divisions be established.
In L. 1986, ch. 115, secs. 1 to 28, to be effective July 1, 1986, the legislature deleted all references in the statutes to divisions of the judicial districts. The associate district judge positions were then abolished pursuant to K.S.A. 20-364 on January 12, 1987.
Throughout the history of the judicial districts, the legislature had made a practice of requiring the establishment of divisions in designated judicial districts only. Generally, those judicial districts not subject to the requirement were those judicial districts served by one district judge. However, the 31st judicial district which was served by two district judges was not subject to a statutory requirement that divisions be established. At least one judicial district which was being served by only one district judge, the 4th judicial district, was subject to such a requirement. The legislature did not expressly establish additional divisions in the judicial districts at the time it enacted K.S.A. 20-364
nor at any time prior to abolition of the associate district judge positions. The Supreme Court, however, recognized additional divisions in all of the judicial districts in which associate district judge positions were abolished. See Judicial Districts of Kansas, District Judges,Associate District Judges, District Magistrate Judges and Their PostOffices, 233 Kan. xii-xiii (1983); Judicial Districts of Kansas, DistrictJudges, District Magistrate Judges and Their Post Offices, 239 Kan. xi-x (1986).
It is a cardinal rule of construction that all statutes are to be so construed as to retain them rather than ignore or defeat them; to give them operation if the language will permit, instead of treating them as meaningless. Martindale v. Tenny, 250 Kan. 621, 632 (1992). Taking into consideration the language used in K.S.A. 20-364, it is our opinion that two requirements must be met in order for the additional district judges to be subject to the residence requirement set forth in K.S.A. 20-364: (1) the associate district judge position eliminated by K.S.A. 20-364 was to be in a particular county; and (2) a new division of the district court was created to replace the associate district judge position. All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference to it. Early Detection Center,Inc. v. Wilson, 248 Kan. 869, 874 (1991). It is presumed that the legislature was aware of the fact that not all judicial districts were subject to a statutory requirement that divisions be established. Therefore, the requirement that the additional district judge positions created to replace associate district judge positions be filled by persons who were residents of the counties in which the former associate district judge positions were located applies only to those judicial districts in which the legislature had, at the time of abolition of the associate district judge positions, expressly required that divisions be established in the judicial districts. Unlike the provisions regarding the 20th judicial district, the provisions establishing the 30th judicial district did not expressly provide that the judges were to be residents of a particular county, nor was the 30th judicial district subject to a statutory requirement that divisions be established. See L. 1976, ch. 145, sec. 20; L. 1982, ch. 130, sec. 10. Subsection (e) of K.S.A. 20-346
is not applicable to the additional district judge positions created in the 30th judicial district upon the abolition of the associate district judge positions.
Residence requirements for judges of the district court are set forth in K.S.A. 20-331. (The term "judge of the district court" includes a district judge and a district magistrate judge. K.S.A.20-301a.)
 "(a) Except as provided in subsection (b), any person who has the qualifications prescribed for a district judge by K.S.A. 20-334 shall be eligible for nomination, election or appointment to the office of judge of the district court in any judicial district. If such person is not a resident of the judicial district at the time of nomination, election or appointment, such person shall establish residency in the judicial district before taking the oath of office and shall maintain residency while holding office.
 "(b) No person shall be eligible for nomination, election or appointment to the office of judge of the district court in any county of any judicial district for which there has been established residence requirements for the holding of such office if such person is not a resident of the county at the time of nomination, election or selection." K.S.A. 20-331.
The 30th judicial district is composed as follows:
 "The counties of Sumner, Harper, Kingman, Barber and Pratt shall constitute the 30th judicial district. There shall be four district judges in such district. At least one district judge position shall be in Harper, Kingman, Barber or Pratt county and at least two such positions shall be in Sumner county." K.S.A. 4-231.
The 30th judicial district is also served by four district magistrate judge positions, "with position one in Barber county, position two in Harper county, position three in Kingman county and position four in Pratt county." K.S.A. 20-338.
As noted above, the 30th judicial district is subject to a provision requiring that district judge positions be located in designated counties while the 20th judicial district is subject to a provision stating that the district judges shall be residents of the designated counties. K.S.A. 4-221; 4-231. As the legislature has not expressly placed a residence requirement on persons who are appointed to serve as district judges in the 30th judicial district, persons appointed to serve as district judges in the 30th judicial district are subject to subsection (a) of K.S.A. 20-331. Such persons are not required to be residents of the county in which the district judge positions are located at the time of nomination, election, or selection. However, such persons must establish residence in the counties in which the district judge positions are located before taking the oath of office.
In review, unlike the provisions regarding the 20th judicial district, the provisions establishing the 30th judicial district did not expressly provide that the judges were to be residents of a particular county, nor was the 30th judicial district subject to a statutory requirement that divisions be established. Subsection (e) of K.S.A. 20-364 is not applicable to the additional district judge positions created in the 30th judicial district upon the abolition of the associate district judge positions. As the legislature has not expressly placed a residence requirement on persons who are appointed to serve as district judges in the 30th judicial district, such persons are subject to subsection (a) of K.S.A. 20-331. Such persons are not required to be residents of the county in which the district judge positions are located at the time of nomination, election, or selection. However, such persons must establish residence in the counties in which the district judge positions are located before taking the oath of office.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm