The Honorable Robert H. Miller Speaker of the House of Representatives Route 1 Wellington, Kansas 67152
Dear Representative Miller:
As representative for the eightieth district, you request our opinion regarding whether the board of education for a unified school district may adopt a resolution authorizing adoption of a local option budget (LOB) for a period of one year when an earlier resolution authorizing adoption of a LOB for a period of four years was defeated in an election called by the school district.
The board of education of a unified school district adopted a resolution authorizing adoption of a LOB for a period of four years. Pursuant to K.S.A. 72-6433 (Furse 1992), a valid petition was filed with the county election officer, and a question regarding adoption of a LOB was submitted to the electors of the school district. A majority of the electors of the school district voting at the election voted against the resolution. The board of education then adopted a resolution authorizing adoption of a LOB for a period of one year.
K.S.A. 72-6433, as amended by L. 1993, ch. 264, sec. 12, authorizes school districts to adopt a local option budget in each school year, commencing with the 1993-94 school year, for a period of time not to exceed four school years. The school district must adopt a resolution which is in substantial compliance with the form set forth in K.S.A.72-6433, as amended, and publish the resolution as required. A LOB authorized by the resolution may be adopted unless a valid petition seeking to bring the resolution to an election is filed with the county election officer.
 "If no petition as specified above is filed in accordance with the provisions of the resolution, the board may adopt a local option budget. If a petition is filed as provided in the resolution, the board may notify the county election officer of the date of an election to be held to submit the question of whether adoption of a local option budget shall be authorized. If the board fails to notify the county election officer within 30 days after a petition is filed, the resolution shall be deemed abandoned and no like resolution shall be adopted by the board within the nine months following publication of the resolution." K.S.A. 72-6433, as amended (emphasis added).
It is clear that if a school district has, through its failure to notify the county election officer, abandoned the resolution, a similar resolution regarding a LOB may not be adopted by the school district for nine months following the date of publication of the resolution. However, there is a question as to whether this preclusion applies when an election regarding the resolution has been conducted, and thus the resolution was not abandoned.
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515. In determining legislative intent, courts are not limited to a mere consideration of the language employed but may properly look into the historical background of the enactment, the circumstances attending and subsequent to its passage, the purposes to be accomplished and the effect the statute may have under the various constructions suggested. Steelev. City of Wichita, 250 Kan. 524, 529 (1992). Although statutes may not be strictly in pari materia, in the construction and interpretation of those relating to the same subject matter or having the same general purpose, reference may be made to them to determine the intent of the legislature as to such subject matter or purpose. Martindale v. Tenny,250 Kan. 621, 632 (1992).
The preclusion contained in K.S.A. 72-6433, as amended, is similar to the preclusion contained in K.S.A. 72-8801, regarding capital outlay levies. However, the preclusion is not as explicit as the preclusions contained in provisions regarding issuance of school bonds and disorganization of school districts.
School districts are authorized, under specific circumstances, to issue bonds. K.S.A. 25-2019 regarding school bond elections provides in part:
 "No school district shall call or hold more than one special bond election at a time other than a general election or the election of board of education members within any one calendar year; nor shall any special bond election be held within sixty (60) days before or after a general election or election of members of the board of education of such district. . . .
 "The provisions of this act shall have no application to any capital outlay tax levy or election for authorization thereof." (Emphasis added.)
Disorganization of school districts is addressed in K.S.A. 72-7301 etseq. Pursuant to K.S.A. 72-7302, electors of the school district may submit to the county election officer a petition requesting that a question regarding disorganization of a school district be submitted to the electors. However:
 "(d) No petition for disorganization of any school district under [K.S.A. 72-7302] shall be filed with the county election officer sooner than two years after the date of any election for disorganization of such school district held under this section." K.S.A. 72-7302
(emphasis added).
In K.S.A. 25-2019 and 72-7302, it is clear that the legislature intended for the preclusion regarding subsequent action apply to situations when an election was conducted. The legislature has chosen not to include such an express preclusion in K.S.A. 72-6433, as amended. The purpose for enacting the preclusion in K.S.A. 72-6433, as amended, was to prevent school districts from repeatedly adopting resolutions authorizing a LOB, thereby forcing electors to pursue the petitioning procedure to prevent the resolution from becoming effective, without ever obtaining the consensus of the electors of the school district. By the plain language of the statute, the preclusion is applicable to situations in which the school district has abandoned the resolution; it is not applicable to situations in which the resolution has been submitted to the electors of the school district. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. Martindale, 250 Kan. at 629. Therefore, the board of education for a unified school district which has submitted to the electors of the district a resolution authorizing adoption of a local option budget is not required to wait nine months from the date of publication of the resolution before it may adopt a second resolution authorizing adoption of a local option budget.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: