Gary E. Rebenstorf Wichita City Attorney City Hall, Thirteenth Floor 455 North Main Street Wichita, Kansas 67202-1635
Dear Mr. Rebenstorf:
You request our opinion regarding the limitations on expenditures from funds derived from drug forfeitures which are deposited in special trust funds in city and county treasuries pursuant to K.S.A. 65-4173(c). Specifically, you inquire whether the statute precludes expending those funds for the purchase of liability insurance and the payment of general maintenance expenses for motor vehicles which have been forfeited.
K.S.A. 65-4173(c) provides, in relevant part, as follows:
 "Moneys in a special law enforcement trust fund in the county or city treasury shall be expended only upon appropriation to the sheriff's office or police department, by the respective board of county commissioners or governing body of the city, to defray the costs of protracted or complex investigations, to provide additional technical equipment or expertise, to provide matching funds to obtain federal grants or for such other law enforcement purposes as the respective board of county commissioners or governing body of the city deems appropriate and shall not be considered a source of revenue to meet normal operating expenses." (Emphasis added).
In Attorney General Opinion No. 93-106 we examined this same language as it is used in subsection (d) relating to the state's special asset forfeiture fund administered by this office. We concluded that the underscored language is ambiguous thereby subjecting it to statutory construction rules. The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the legislature governs. Bank IV Wichita v. Plein, 250 Kan. 701, 705 (1992). In determining legislative intent, the courts are not limited to consideration of language used in the statute, but may look to historical background of the statute, circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under various constructions suggested. Steele v. City of Wichita, 250 Kan. 524,529 (1992).
K.S.A. 65-4173(c) is part of the statutory procedure for disposition of property and money obtained through forfeiture under K.S.A. 65-4135 or65-4156. Those statutes authorize forfeiture of various items and money associated with the commission of a drug offense. The purpose behind the forfeiture statutes in general and the creation of the special law enforcement trust funds in particular was to provide a mechanism whereby the law enforcement agency which incurred costs in bringing the drug offender to justice would recoup those costs, and to make available additional money to be used to continue fighting the war against drugs. In this way the offenders would be funding the effort to eliminate the problem which they in part caused. See Report on Kansas Legislative Interim Studies to the 1988 Legislature, proposal no. 17, 235 (1987). The interim study discusses the need of local law enforcement agencies tosupplement their budgets. During committee hearings, various members of law enforcement agencies testified that the funds would be used to supplement their budgets — not to supplant or reduce already existing appropriations. Minutes, House Committee on Judiciary, February 26, 1987, attachment I; Minutes, Senate Committee on Judiciary, February 9, 1988, attachments II and V.
Subsection (c) provides examples of what the funds can be used for but ultimately leaves it up to the governing body to decide how the funds will be used as along as it is for "other law enforcement purposes." In general, the term "operating expenses" usually includes such items as general maintenance costs, interest, and taxes but the phrase is always subject to the context of the statute. 29A Words and Phrases p. 427;Powell v. City and County of San Francisco, 144 P.2d 617, 621 (Ca. 1941); Michigan Public Utilities Comm'n v. Michigan State TelephoneCompany, 200 N.W. 749, 751 (Mich. 1925).
It is conceivable that a governing body could conclude that the payment of insurance premiums and maintenance costs on forfeited vehicles falls under the aegis of law enforcement purposes." (E.g.: vehicles being used in "protracted or complex investigations".) The statute does not prohibit the funds from being used for normal operating expenses in connection with drug investigations — rather, it prohibits the funds from being used as a "source of revenue" to meet normal operating expenses which, in our opinion, means that the funds cannot be used to reduce or supplant appropriations that would normally appear in the police department's budget. For example, if the city normally appropriates monies to pay insurance premiums and maintenance costs on all department vehicles, including forfeited vehicles, then the funds could not be used to supplant or reduce this appropriation.
Following the rationale stated in Attorney General Opinion No. 93-106, it is our opinion that K.S.A. 65-4173(c) does not preclude expenditures from special law enforcement trust funds to pay insurance premiums and maintenance costs on forfeited
motor vehicles as long as the funds are not used to supplant or reduce city appropriations for the police department's budget.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm