The Honorable Kenny A. Wilk State Representative, Forty-Second District 701 S. DeSoto Road Lansing, Kansas 66043
Dear Representative Wilk:
As representative for the forty-second district, you request our opinion regarding the authority of a unified school district and a joint recreation commission to enter into an agreement. Specifically, you ask whether a unified school district and a recreation commission may enter into a lease agreement under which the unified school district would be permitted to use baseball and softball fields owned by the recreation commission. You also ask whether a unified school district has authority to acquire and maintain equipment, buildings or other recreational facilities and make capital improvements on property owned by the recreation commission.
Pursuant to K.S.A. 12-1924, "[a]ny city or school district may establish, independently or jointly, a recreation system." The operation of the recreation system is to be delegated to a recreation commission consisting of five members. K.S.A. 12-1924; see K.S.A. 12-1926, as amended by L. 1993, ch. 46, sec. 1. Recreation commissions are creatures of statute, and have only those powers expressly conferred or necessarily implied. Attorney General Opinion No. 88-157. As a creature of statute, any reasonable doubt as to the existence of power should be resolved against its existence. Hobart v. U.S.D. No. 309, 230 Kan. 375,383 (1981). The recreation commission possesses those powers set forth in K.S.A. 12-1928.
 "Every recreation commission appointed pursuant to [K.S.A. 12-1922 et seq] shall have the power to:
. . . .
 "(b) conduct the activities of the recreation system on any property under its custody and management, or, with proper consent, on any other public property and upon private property with the consent of the owners;
. . . .
"(g) enter contracts;
 "(h) enter lease agreements for real and personal property. The term of any such lease shall not exceed 10 years. Any such lease agreement shall be subject to the approval of the city or school district to which the recreation commission certifies its budget;
. . . .
 "(k) acquire title to personal property by purchase, bequest, gift or other donation and acquire title to real property by devise, gift or other donation. Whenever property owned by a recreation commission is sold, the proceeds shall be used for recreation purposes; and
 "(l) perform any other acts necessary to carry out the provisions of this act." K.S.A. 12-1928.
The issue of whether a recreation commission was authorized to lease real property from a unified school district was addressed in Attorney General Opinion No. 88-157. Based upon the plain language of K.S.A. 1987 Supp. 12-1928, it was determined that a recreation commission had the authority to acquire title to real property through devise, gift, or donation. However, based upon legislative history of the enactment and application of the maxim expressio unius est exclusio alterius, it was determined that a recreation commission was not authorized to lease real property from a unified school district.
Subsequent to issuance of Attorney General Opinion No. 88-157, the legislature amended into the powers of a recreation commission the express authority to enter lease agreements for real and personal property. See L. 1989, ch. 64, sec. 1. Although the original intention behind proposal of the amendment set forth in L. 1989, ch. 64, sec. 1 was to permit a recreation commission to acquire real property through a lease agreement, the provision contains no indication that the authority to enter into lease agreements is limited to situations in which the recreation commission is attempting to acquire real property. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, 629
(1992). Based upon the plain language of subsection (h) of K.S.A. 12-1928, a recreation commission may enter into a lease agreement with a unified school district, the terms of which permit the unified school district to use baseball and softball fields owned by the recreation commission. The term of such a lease may not exceed 10 years, and the lease is subject to the approval of the entity to which the recreation commission certifies its budget.
K.S.A. 12-1924 provides in part:
 "Whenever a recreation system is established, any city or school district operating or participating in the operation of a recreation system shall cooperate in providing property and facilities belonging to each such entity for recreation purposes. The city or school district may acquire and maintain equipment, land, buildings or other recreational facilities and make capital improvements." (Emphasis added.)
The fundamental rule of statutory construction is that the intent of the legislature governs. House v. American Family Mutual Ins. Co.,251 Kan. 419, 423 (1992). If construction is necessary to determine legislative intent, courts are not limited to a mere consideration of the language employed but may properly look into the historical background of the enactment, the circumstances attending and subsequent to its passage, the purposes to be accomplished and the effect the statute may have under the various constructions suggested. Steele v. City ofWichita, 250 Kan. 524, 529 (1992).
K.S.A. 12-1924 provides for cooperation in the use of property and equipment and incorporates provisions previously contained in K.S.A.12-1901 (repealed). House Committee on Local Government, Minutes, Attachment II, March 2, 1987; Senate Committee on Local Government, Minutes, Attachment, April 2, 1987. K.S.A. 12-1901 (repealed) permitted any city or school district to acquire and maintain equipment, land, buildings, or other recreational facilities and make capital improvements on real property, title to which was held by the city or school district. L. 1986, ch. 80, sec. 1. Pursuant to K.S.A. 12-1924, the city or school district retained the authority to acquire and maintain equipment, land, buildings, or other recreational facilities and make capital improvements. However, the restriction requiring that title to real property be held by the city or school district was not contained in K.S.A. 12-1924. Based upon the legislative history of the enactment of K.S.A. 12-1924, it is determined that a unified school district has the authority to acquire and maintain equipment, buildings, or other recreational facilities and make capital improvements on real property, title to which is held by a recreation commission.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm