The Honorable Rochelle Chronister Representative, Thirteenth District State Capitol, 514-S Topeka, Kansas 66612
Dear Representative Chronister:
As representative for the thirteenth district, you request our opinion regarding whether a former elected official is entitled to continued participation in the group health care benefits plan (group health care plan) offered by the governmental entity the official served.
The person in question served as a member of the board of county commissioners for more than ten years. During such service the person made the required employee contributions to FICA and the Kansas public employees retirement system (KPERS). The person was covered by and participated in the group health care plan offered by the county. Upon ceasing service with the county, the person retired and is currently receiving a monthly retirement benefit from KPERS. From the information provided, it appears the person filed within 30 days following retirement a written application for continued participation in the county's group health care plan. The county has refused to allow continued participation as it believes a former elected official does not constitute an employee within the provisions of K.S.A. 12-5040.
Pursuant to the provisions of K.S.A. 12-5040, each local government, including a county, which provides an employer-sponsored group health care plan for the employees of the local government must make available continued participation in the group health care plan to "all persons who were employed by the local government for not less than 10 years and who retired from such employment after December 31, 1988." Such continued participation is contingent upon the person submitting to the clerk or secretary of the local government a written application for continued participation within 30 days of retirement. The statute does not provide a definition for employee, however, it does define "retired" as:
 "[A]ny employee who has terminated employment and is receiving a retirement or disability benefit for service with the local government from which they terminated employment." K.S.A. 12-5040.
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). In determining legislative intent, courts are not limited to a mere consideration of the language employed but may properly look into historical background of the enactment, the circumstances attending and subsequent to its passage, the purposes to be accomplished and the effect the statute may have under the various constructions suggested. Steelev. City of Wichita, 250 Kan. 524, 529 (1992). Legislative intent is to be determined from a general consideration of the entire act. It is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. In order to ascertain legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof in parimateria. When the interpretation of one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislation, the entire act should be construed according to its spirit and reason, disregarding so far as necessary the strict letter of the law. Todd, 251 Kan. at 516.
A review of the legislative history indicates that the legislature enacted K.S.A. 12-5040 with the intention of providing for continued participation in group health care plans beyond the 18-month continuation period mandated by the consolidated omnibus budget reconciliation act, Pub.L. No. 99-272, 100 Stat. 82 (1986) (COBRA). The provisions of K.S.A. 12-5040 are based upon recommendations outlined in the November 13, 1987, report of the Martin E. Segal Co. issued to the legislative coordinating council and special committee on ways and means. The Segal Co. report provided information regarding the health benefit coverage available at the time for "KPERS retirants," options available to the legislature in expanding coverage beyond the 18-month COBRA continuation period, and the costs involved in expanding coverage. The provisions of K.S.A. 12-5040 were developed from the option recommending adoption of legislation expanding access to coverage for those "KPERS retirants" who were otherwise not permitted to continue coverage in the group health care plan beyond the 18-month COBRA continuation period.
K.S.A. 12-5040 was enacted in 1988 house bill no. 3828. See L. 1988, ch. 302, sec. 18. Within the provisions of the same bill were amendments to the definitions applicable to "K.S.A. 74-4901 to 74-4929, inclusive, and amendments thereto. . . ." See L. 1988, ch. 302, sec. 4. We determine that the definitions set forth in L. 1988, ch. 302, sec. 4 are indicative of the intent of the legislature in enacting K.S.A. 12-5040. [The division into chapter, article, and sections in the Kansas Statutes Annotated does not have the effect of making separate enactments of a single bill passed by the legislature. City of Junction City v. Griffin,227 Kan. 332, 335-36 (1980).] The report submitted by the Martin E. Segal Co. referred to "KPERS retirants" who were defined as being "member[s] who ha[ve] retired under this system." L. 1988, ch. 302, sec. 4 (28). A member included "an eligible employee who is in the system and is making the required employee contributions, or any former employee who has made the required contributions to the system and has not received a refund." L. 1988, ch. 302, sec. 4 (21). The term employee, which is used within the definition of "retired" set forth in K.S.A. 12-5040, was deemed in subsection (14) of section 4 of the legislation to be "any appointed or elective officer or employee of aparticipating employer whose employment is not seasonal or temporary. . . ." (Emphasis added.) Therefore, in enacting K.S.A. 12-5040, it was the intent of the legislature to obligate each local government, including a county, which provides an employer-sponsored group health care plan for the employees of the local government to make available continued participation in the group health care plan to an elected official who served the local government for not less than 10 years and who retired from such service after December 31, 1988. The continued participation in the group health care plan is contingent upon filing the appropriate application pursuant to K.S.A. 12-5040.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: