No. 69,396

In the Matter of the Marriage of RACHEL G. WELLIVER, *Appellee*, and EDWIN D. WELLIVER, *Appellant*.

(869 P.2d 653)

Opinion filed March 4, 1994.

*Ronald L. Gold*, of Shawnee Mission, argued the cause and was on the briefs for appellant.

*Ronald W. Nelson*, of Overland Park, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Edwin Welliver appeals the district court's denial of his K.S.A. 60-260(b) motion for relief from a default judgment of divorce because: (1) he was improperly served out of state with process by a corporation appointed as a special process server, (2) the decree of divorce and a subsequent nunc pro tunc

order were void for the wife's failure to comply with Supreme Court Rules 118 (1993 Kan. Ct. R. Annot. 119) and 131 (1993 Kan. Ct. R. Annot 127) and K.S.A. 60-255; and (3) the district court abused its discretion in denying his K.S.A. 60-260(b) motion for relief from the judgment.

Rachel Welliver filed for divorce in Johnson County, Kansas, on October 9, 1992. Her husband Edwin was residing in Mission, Texas. The district court appointed a corporation, Pronto Civil Process and Messenger Service (Pronto), as special process server on October 27, 1992. The affidavit of service reflected that David Barker, on behalf of Pronto, had served Edwin, in person, with the "citation (summons)" on November 5, 1992, at Oleander Acres RV Park in Hildalgo County, Texas. The return of service was filed November 16, 1992.

Edwin did not file an answer. A trial was held in the district court on December 21, 1992. Edwin did not appear. The district judge found Edwin in default and, after a hearing, granted Rachel the divorce and awarded her sole custody of the children. Edwin was given unspecified reasonable visitation. Edwin was ordered to pay child support of $815 per month and maintenance of $500 per month for 36 months. Rachel was given a judgment of $1,530 for temporary child support ordered prior to the decree of divorce, which had not been paid. Edwin was also ordered to pay for the health insurance for the children and any medical bills not covered by insurance.

The court divided the marital property and awarded Rachel a judgment of $200,000 to equalize the property division between the parties. The court also ordered Edwin to be responsible for a variety of specified debts totalling $22,769, as well as debts he had incurred since the separation, debts associated with property set over to him, and high school tuition for one of the children. A subsequent nunc pro tunc order was filed which clarified that withholding from Edwin's income should take effect immediately to enforce the support order.

On January 20, 1993, Edwin filed a 60-260(b) motion for relief from the default judgment. At the hearing on his motion, Edwin's counsel argued that because out-of-state service by a corporation was invalid, the court lacked personal jurisdiction; the default judgment was void because he was not given notice of the hearing;

and he was entitled to relief because the judgment was entered by mistake, inadvertence, surprise or excusable neglect, fraud, and for any other reason justifying relief.

The district court denied the motion, stating:

"After due consideration to the argument in this case, it would appear to me there is no irregularity in the case and your motion to set aside the judgment should be denied. Such is the order."

Edwin appealed the district court's denial to set aside the default judgment to the Court of Appeals. This court granted Edwin's motion to transfer the case to its docket.

OUT-OF-STATE SERVICE BY A CORPORATION

Service of process is a method of formally commencing an action by giving the defendant notice of the action. The person named as defendant normally does not become a party to the action until served with the summons. Upon the filing of a petition, the clerk of the court issues a summons for service upon each defendant in accordance with K.S.A. 1993 Supp. 60-303. K.S.A. 1993 Supp. 60-301. "All process issued for service from any court within the state may be served anywhere within the territorial limits of the state and, when authorized by law, may be served outside this state." K.S.A. 1993 Supp. 60-311. The court obtains jurisdiction of the defendant through service of process. The summons informs the defendant that the defendant is required to serve upon the plaintiff's attorney and the court a pleading to the petition within 20 days after service of the summons. If the defendant fails to file a pleading within the 20 days after being served, a judgment by default can be taken against the defendant for the relief demanded in the petition. See K.S.A. 1993 Supp. 60-212(a).

After Edwin was served, he failed to file a pleading prior to the expiration of the 20 days, and a default judgment was entered after the hearing. In an attempt to obtain relief from the default judgment entered by the district court, Edwin claims the district court lacked jurisdiction over him because a corporation was improperly appointed as a special process server. He contends that because service was improper, the judgment is void. A judgment is void if the court that rendered it lacked personal or subject matter jurisdiction. *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 21, 588 P.2d 101 (1976). A void judgment is a nullity and may

be vacated at any time. *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 496, 781 P.2d 1077 (1989), *cert. denied* 495 U.S. 932 (1990).

Edwin first argues that K.S.A. 1993 Supp. 60-303(c)(3) limits appointments of special process servers to "persons," which excludes corporations. Edwin asserts that because a corporation cannot be appointed as a special process server, service by the corporation was not proper, and the resulting judgment is void *ab initio* because the court never obtained personal jurisdiction over him.

Edwin points out that whether a corporation is a person is often addressed in statutes on an article-by-article basis, *e.g.*, K.S.A. 2-1220(a), which defines a person in an act concerning fertilizers as "any individual, any association of persons or any corporation." He points out that no such definition is contained in the article concerning service of process in Chapter 60. He also notes that while the appendix to Chapter 60 does not contain any official forms for a motion to appoint a special process server, the appendix to Chapter 61, limited actions, does contain a form for K.S.A. 61-1803(c)(3) which has language identical to 60-303(c)(3) indicating that a special process server must be a person. See K.S.A. 61-2605, Form No. 2. To further support his argument that corporations cannot be appointed as special process servers, Edwin also points out that Chapter 3 of Article 60, in several instances, specifically draws a distinction between an individual and a corporation; *e.g.*, K.S.A. 1993 Supp. 60-305a and K.S.A. 1993 Supp. 60-306 provide that any *individual*, partnership, association or *corporation* may file an instrument or certificate appointing an agent to receive service. We find no support for his argument in these statutes. These statutes are not applicable to the issue because they concern appointment of persons to receive process for a corporation, not whether a corporation may serve process.

Edwin also observes that the legislature often expressly defines the term person to include both natural persons and corporations. We note there are at least 25 separate statutes that define person as including both natural persons and corporations, within the context of the specific act involved. See, *e.g.*, K.S.A. 1993 Supp. 8-126(m) (vehicle registration); K.S.A. 60-3320(3) (Uniform Trade

Secrets Act); and K.S.A. 82a-1402(c) (Kansas Weather Modification Act).

Rachel counters that corporations are generally considered as persons. Rachel notes that K.S.A. 1993 Supp. 60-303 does not mandate that the special process server appointed by the court be a "natural person." Referring to 18 Am. Jur. 2d, Corporations §§ 63-65, she observes it has long been held that a corporation is considered a person under the law. She reasons that if the legislature meant to limit the appointment of process servers to natural persons, the restriction on those persons who are authorized to serve subpoenas would not need to be further limited to "any other person who is not a party and is not less than 18 years of age." Rachel concludes that the legislature has clearly expressed that process servers should be freely appointed. She notes that in statutes where the identity of the subject of process is a natural person, the legislature has clearly denoted that person as an "individual." See K.S.A. 1993 Supp. 60-304(a). We note, in support of Rachel's argument, that in Vernon's Kansas Statutes Annotated, the author's comments following K.S.A. 60-303 suggest that appointment of special process servers should be freely made whenever substantial savings in travel expenses or other reasons of convenience would result. 4 Vernon's Kansas C. Civ. Proc. § 60-303, Comments (1965).

Neither party cites a case from any jurisdiction that specifically addresses whether a corporation can be appointed as a special process server.

This court, in *Mariadahl Children's Home v. Bellegarde School Dist.*, 163 Kan. 49, 180 P.2d 612 (1947), discussed whether the use of the term person in a statute includes a corporation. G.S. 1935, 72-1046 (1945 Supp.) established that the residence where a student resided with a parent, guardian, or other person determined whether a student could attend school in that district. The school district's contention was that the plaintiff, an incorporated children's home, was not a person and was not entitled to have its wards attend school in the Bellegarde school district. The *Mariadahl* court felt this point was not "well taken" because the word person, dating back to early English law, included both natural persons as well as artificial persons, *i.e.*, corporations. The court also noted the corporation code stated that corporations

"shall have the power and capacity possessed by natural persons to perform all acts within or without this state," and that under our statutes (G.S. 1935, 77-201 *Thirteenth* and G.S. 1935 17-3001 [1945 Supp.]) corporations organized under the laws of this state have the capacity possessed by natural persons to do the things authorized by their charters. 163 Kan. at 53. The *Mariadahl* court found that a nonprofit, benevolent, and charitable corporation, organized under the laws of this state to establish and maintain an "orphan home," and which maintained a home for such children within a school district of this state, properly came within the class of "a person who is a resident" of such district.

The appointment of special process servers is governed by K.S.A. 1993 Supp. 60-303(c)(3). Under that statute, a subpoena may be served by a sheriff within the sheriff's county, by the sheriff's deputy, by an attorney admitted to the practice of law before the Supreme Court of Kansas, by some person specially appointed as a process server by a judge or clerk of the district court, and by any other person who is not a party and is not less than 18 years of age. Process servers shall be freely appointed and may be authorized either to serve process in a single case or in cases generally during a fixed period of time.

K.S.A. 1993 Supp. 77-201 lists the rules that are to be observed when construing a statute, "unless the construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute." Subsection *Thirteenth* of that statute states that person may be extended to bodies politic and corporate. In *The North Missouri Railroad Company v. Akers*, 4 Kan. *453, *470 (1868), we determined the provisions of what is now 77-201 *Thirteenth* apply to the code of civil procedure. We also note the Kansas Code of Civil Procedure, K.S.A. 60-101 *et seq.*, is to be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding. K.S.A. 60-102.

"A corporation is an artificial being, invisible, intangible, and existing only in contemplation of law." *Land Grant Railway v. Com'rs of Coffey County*, 6 Kan. 245, 253 (1870). A corporation has no power except that conferred by law. *Scott v. Bankers' Union*, 73 Kan. 575, 584, 85 Pac. 604 (1906). Treating corporations

as persons is not repugnant to the context of K.S.A. 1993 Supp. 60-303 or inconsistent with the intent of the legislature. Corporations are persons within the context of 60-303(c) and can be appointed as special process servers.

## OUT-OF-STATE SERVICE

Edwin's next contention is that the December 21, 1992, decree of divorce and the January 5, 1993, nunc pro tunc order are void because he was improperly served out of state by a process server, not by an officer of Kansas or Texas as required by K.S.A. 1993 Supp. 60-308(a)(2). Edwin notes that K.S.A. 1993 Supp. 60-303(a) states that methods of out-of-state service of process are set out in K.S.A. 1993 Supp. 60-308, and amendments thereto. He claims that because he was not properly served with notice of the Kansas action in Texas, the district court did not have jurisdiction to enter a decree of divorce to Rachel.

Under our statutes, process servers are to be appointed freely and may be authorized either to serve process in a single case or in cases generally during a fixed period of time. A process server appointed pursuant to K.S.A. 1993 Supp. 60-303(c)(3) may make the service anywhere in or out of state. K.S.A. 1993 Supp. 60-308(a)(2)(A) states that the service of out-of-state process shall be made "in the same manner as service within the state, by any officer authorized to make service of process in this state or in the state where the defendant is served."

Edwin claims that K.S.A. 1993 Supp. 60-308(a)(2) requires that out-of-state service of process be "by any officer authorized to make service of process" in Kansas or by an officer of the state in which service is being made. He argues that because Pronto is not an "officer" of Kansas or Texas, service by Pronto was improper and the decree of divorce entered by the Kansas court was void.

Edwin cites two cases for support. The first case, *Steele v. City of Wichita*, 250 Kan. 524, 525, 826 P.2d 1380 (1992), is a declaratory judgment action brought by persons appointed as special process servers to determine if they could serve all forms of process, including writs of execution and orders of attachment. This court held that 60-303(c)(3), by referring to "process," en-

compassed all forms of process and it was not limited to summonses, petitions, and attached documents.

However, the broad statement of 60-303 was narrowed by K.S.A. 1993 Supp. 60-2401 and K.S.A. 60-706, which deal with specific forms of process, respectively, writs of execution and orders of attachment. Plaintiffs in *Steele* argued the term "officer" as used in 60-2401 and 60-706 included special process servers who had been appointed by a district court. The *Steele* court noted that 60-706 and 60-2401 make a distinction between service of process and execution, whereas 60-303 only refers to service of process. The *Steele* court then examined statutes in Article 8 of Chapter 19, which define the authority of sheriffs and other officers who are authorized to seize property when serving writs of execution and orders of attachment. The court held that 60-303(c)(3) authorizes special process servers only to serve process, *i.e.*, the delivery of process, and does not authorize the general process, servers appointed under 60-303 to execute on or to attach property.

At the time of the *Steele* decision, 60-706 and 60-2401 required service and execution of writs of execution and orders of attachment to be made by sheriffs or persons authorized to perform the duties of a sheriff. K.S.A. 1993 Supp. 60-303(c)(3) now states "[a]ll persons authorized under this subsection to serve, levy and execute process shall be considered an 'officer' as used in K.S.A. 60-706 and 60-2401 and amendments thereto." The amendment which expanded the class of persons allowed to levy and execute process followed the *Steele* decision and presumably was a legislative response to *Steele*.

The second case cited by Edwin is *Hall v. Quivira Square Development Co.*, 9 Kan. App. 2d 243, 675 P.2d 931, *rev. denied* 235 Kan. 1041 (1984). In *Hall*, the Court of Appeals addressed the import of a previous version of 60-308 which set out the procedure to obtain service out of state. Hall was injured in Kansas. She filed her personal injury suit, and a special process server was appointed to serve process on Quivira, a corporation. Service was made on Quivira in Missouri. The trial court quashed the service and dismissed the action because the special process server appointed by the district court was not an officer of Missouri or Kansas as required by the version of 60-308 then in

effect. The Court of Appeals affirmed the district court's actions because the out-of-state service of process was made by a process server not authorized to serve process in the state where service occurred.

Rachel points out that Edwin fails to note that the *Hall* court continued its discussion of out-of-state service by indicating that the 1982 legislature had amended 60-303. The Court of Appeals observed that Judge Gard had commented in 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-303 (1983 Supp.), that the 1982 amendment of 60-303 extended the power of the special process servers appointed by Kansas courts to serve process either inside or outside of the state of Kansas. Rachel asserts Edwin has failed to note that *Hall* supports her position that a corporation can be appointed to serve process out of state because the 1982 amended statute was in effect when she filed this action for divorce.

Rachel claims that K.S.A. 1993 Supp. 60-308(a)(2) states that service out of state can be made by those authorized to serve process within the state or by any officer authorized to make service of process in this state or any officer authorized to make service of process in the state where the defendant is served. She notes the intent of the legislature in the first instance is to be determined from the clear and unambiguous words used by the legislature. The courts are to give the language of statutes their commonly understood meaning, and it is not for the courts to determine the advisability or wisdom of the language used. *Szoboszlay v. Glessner*, 233 Kan. 475, 478, 664 P.2d 1327 (1983). Rachel states that from a review of 60-308(a)(2), it is apparent that service of process outside the state may be made by a corporation appointed as a special process server.

We agree with Rachel's position. K.S.A. 1993 Supp. 60-303(c)(3) provides that "[p]rocess servers shall be appointed freely and may be authorized either to serve process in a single case or in cases generally during a fixed period of time." A process server appointed pursuant to 60-303(c)(3) may make the service anywhere in or out of state. K.S.A. 1993 Supp. 60-308(a)(2) provides that service out of state can be made (1) by those authorized to serve process within this state, (2) by any officer authorized to make service of process in this state, or (3) by any officer authorized to make service of process in the state where the defendant is

served. Edwin was properly served with process in Texas and was subject to the jurisdiction of the Kansas court.

## FAILURE TO COMPLY WITH SUPREME COURT RULES 118 AND 131 AND K.S.A. 60-255

Supreme Court Rule 118(d) (1993 Kan. Ct. R. Annot. 119), pleading of unliquidated damages, requires notice prior to issuing a default judgment in any action involving unliquidated damages in excess of $50,000. Edwin claims this action is within the ambit of the rule. Rachel contends a divorce action is not covered by Rule 118 because no damages were being sought or awarded. We agree. The matters in controversy in a divorce action are not "damages." Divorce and maintenance actions are controlled by K.S.A. 60-1601 *et seq*. Rule 118 simply does not apply.

Edwin next notes that Supreme Court Rule 131(b) (1993 Kan. Ct. R. Annot. 127) requires at least seven days' notice prior to a hearing or trial and claims he did not receive such notice. He argues that because Rachel did not address this argument in her brief, she has conceded Rule 131(b) was violated.

Rule 131 states:

"(a) If any party seeks the hearing of any motion on a required day of court and it is not a motion which may be heard *ex parte*, or if the judge sets a hearing on this day of court, notice of the hearing shall be given to all parties affected either by the party, or by the clerk at the direction of the judge, not less than seven (7) days prior to the date of hearing.

"(b) Matters set for hearing or trial on other days shall be at the discretion of the judge and with not less than seven (7) days notice to the parties affected. If the matter is urgent, notice shall be given as is reasonable and possible under the circumstances."

Rule 132 (1993 Kan. Ct. R. Annot. 127), however, allows the court to set the time for the hearing at its discretion in cases involving default judgments. Default judgment may be obtained pursuant to K.S.A. 60-255, which states:

"Upon request and proper showing by the party entitled thereto, the judge shall render judgment against a party in default for the remedy to which the party is entitled. But no judgment by default shall be entered against a minor or incapacitated person unless represented in the action by a guardian, conservator or other legally authorized representative who has appeared in the action, or by a guardian *ad litem* appointed by the court. If the party against whom judgment by default is sought has appeared in the action, he or she (or, if appearing by representative, his or her rep-

resentative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the state."

K.S.A. 60-255 provides for notice of the hearing if the defendant has made an appearance. The summons served upon Edwin informed him that if he failed to plead within 20 days of service, a default judgment could be entered. Edwin never made an appearance in this matter until he filed his 60-260(b) motion to set aside the default decree of divorce. Under the circumstances, Supreme Court Rule 132, not Rule 131, applies.

Edwin also argues child support orders entered without notice are voidable, citing *In re Marriage of Thompson*, 17 Kan. App. 2d 47, 832 P.2d 349 (1992). The case cited by Edwin does not apply. The judgment in that case was voidable because the notice required by K.S.A. 60-255(a) was not given. In this case, lack of notice was not a problem. Edwin was properly notified of the pending divorce, and the decree of divorce entered by the district court is not voidable.

## DENIAL OF THE MOTION FOR RELIEF
## FROM JUDGMENT

A ruling on a motion for relief from a final judgment filed pursuant to K.S.A. 60-260(b) rests within the sound discretion of the trial court. In the absence of a showing of abuse of discretion, an appellate court will not reverse the trial court's order. *Bazine*, 245 Kan. at 495. Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. See *Stayton v. Stayton*, 211 Kan. 560, 562, 506 P.2d 1172 (1973).

Edwin sought relief below under four separate subsections of K.S.A. 60-260(b), but on appeal frames his request for relief under

(b)(6), *i.e.*, for "any other reason justifying relief from the operation of the judgment." He notes a substantial amount of property was involved, including $200,000 as equalization of the division of property and $19,500 in maintenance. He contends that the failure of the court to make a record of the proceedings and the documentary evidence that would support its judgment requires relief under K.S.A. 60-260(b)(6). He claims the denial of his motion for relief from judgment was an abuse of discretion because it was arbitrary and capricious.

Rachel counters that although default judgments are ordinarily not preferred, they are necessary if one party " 'frustrates the orderly administration of justice.' " *Bazine*, 245 Kan. at 495. Rachel asserts that Edwin, after receiving notice of the proceedings, failed to respond and should not now be able to reopen the matter. She also notes Edwin is not expressly arguing the division of property and other awards are inequitable, only that the court erred procedurally.

In *Bazine*, after the defendant's third motion to extend time to file an answer to March 5, 1987, the bank moved for a default judgment. Without ruling on either motion, the court set the trial for March 23, 1987. The defendants did not file their answer by March 5, 1987. On March 23, 1987, the trial date, a snowstorm prevented the judge from reaching the courthouse. The bank's attorney appeared and found no one in the courtroom. The bank's attorney notified the judge by phone that none of the defendants had appeared for trial, and in an ex parte hearing later that day the court granted default judgment in the amount of the note. The defendants subsequently filed a motion for relief from the default judgment. One of the defendants, who was a county employee and was in the courthouse at his job but who did not appear in the courtroom, later claimed to have had the answer ready to file at the beginning of the trial. The defendants' motion for relief was denied by the district court. The defendants argued on appeal that an award of their property without a hearing was a denial of due process.

This court noted that due process is not offended by an award *sans* hearing where the default judgment is entered for failure to answer within the required time frame and proper service has been made. The court observed:

"While there is a need to achieve finality in litigation, judicial discretion must not achieve that end in disregard of what is right and equitable under the circumstances. Defaults are not favored in law but become necessary when the inaction of a party frustrates the orderly administration of justice. In determining whether to set aside a default judgment, a court should resolve any doubt in favor of the motion so that cases may be decided on their merits." *Bazine,* 245 Kan. at 495.

This court found that the dictates of due process and equity had been met. The defendants had failed to file their answer within the time frame they agreed to. Due to their lack of answer, there was no need for a hearing, the judgment was not void, and there was no fraud. *Bazine,* 245 Kan. at 496-97.

In this case, proper service was made, and Edwin failed to file an answer within the required time frame.

Affirmed.