NOT DESIGNATED FOR PUBLICATION

No. 114,347
114,348

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS, *ex rel.*,
*Appellee*,

v.

BRAD OLIVER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; MARTIN ASHER, judge. Opinion filed August 19, 2016.
Affirmed.

*John W. Fresh*, of Farris & Fresh Law Office, of Atchison, for appellant.

*Amy S. Raymond*, of Kansas Department for Children and Families, for appellee.

Before GARDNER, P.J., BUSER and STANDRIDGE, JJ.

*Per Curiam*: When Brad Oliver sought a discharge of his unpaid child support payments and a refund of alleged overpayments, the district court denied him relief and denied Oliver's motion for reconsideration. On appeal, we have consolidated the child support cases and reviewed the proceedings below. Finding no reversible error, we affirm.

1

*Procedural and factual background*

This case involves child support for three of Oliver's children by two mothers. Each mother received public assistance during parts of their children's minority and the State paid certain sums for medical costs associated with the births of the children. Under Kansas law, a person receiving State support assigns to the State any right to receive child support. K.S.A. 2015 Supp. 39-709(c). The mothers did so here.

Oliver's motion underlying this appeal asked the district court to determine whether Oliver's child support payments had been applied to reimburse the State for those amounts, where the balance of his payments had gone, and who was entitled to them. Ultimately, Oliver asked the court to order the State to refund to him any money it had received beyond what was due to it as reimbursement. The court denied that motion, as well as Oliver's subsequent motion for reconsideration. The underlying facts follow.

The State obtained default judgments against Oliver for aid it had provided for each of his three children. In the case of the first child, Dammian Sayles, a court entered a default judgment against Oliver for $4,242 for assistance and medical costs the State had paid. The court also ordered Oliver to pay monthly child support, and support rights were assigned to the State. By virtue of a notice of partial termination of assignment, as of February 28, 1987, the assignment of support was as to arrearages only, and current support payments were to go to the mother, Donna Sayles. The State filed a termination of assignment in January 1996, stating that arrearages for reimbursement of assistance ($4,242) to the State of Kansas had been paid in full.

The State began enforcing support again in 1997 pursuant to a notice of assignment. This began the dispute which resulted in this appeal. In the case of Dammian Sayles, the State obtained a judgment in September 1997 that Oliver's child support arrears were $18,900.

As to the second child, Sparkle Ross, the State obtained a default judgment of $730 for medical expenses and support paid by the State since her birth, and Oliver was ordered to pay child support. As to the third child, Crystal Ross, the State obtained a default judgment against Oliver for $8,231.36 for medical expenses and support paid by the State since her birth, and Oliver was ordered to pay child support. The State moved to revive judgment as to Oliver's daughters in 2004 and, after a hearing, the court granted a judgment against Oliver for $13,803.98 as of March 8, 2004.

In Sayle's case, the State moved in 2007 to revive the judgment and, after a hearing at which Oliver was represented by counsel, the court granted a judgment against Oliver in the amount of $19,683.37 as of June 25, 2007. Oliver did not appeal the 2004 or the 2007 judgment.

In 2014, although the children were over the age of majority, the State filed a motion seeking an increase in payment toward child support arrears. Oliver responded with a "motion to establish arrearage amounts and credit for payments received." This motion sought to "compel the Secretary of DCF [Kansas Department for Children and Families] to produce documentation and records . . . establishing the amount of credits, who is entitled to receive the payments of the arrearages, and other amounts actually owed to or received by the State of Kansas." The State's response requested $4,874.29 as reimbursement, while maintaining that it was entitled to the full amount of the judgment minus payments made, amounting to $13,429.18.

A month after Oliver filed that motion, each mother filed a document asking the State to cease and desist enforcement efforts against Oliver, stating they "forgive any child support arrearage amounts which may be due and owing accrued to me or for my benefit as of September 8, 2014." Mother Donna Corbin testified at the hearing that same day that any payments already collected should go to her.

3

Oliver paid only a portion of the judgments on the arrears, yet he requests a refund of any money the State may have retained that rightfully belonged to the mothers. Oliver apparently sought to stand in the shoes of the mothers and to receive any money that should have been distributed to them. In a February 2015 hearing, Oliver's attorney argued that the State, as of a few weeks before the hearing, was going to pay to the mothers $8700 or $8900 it had collected over the years, but the money should instead be given to Oliver. Oliver seeks a discharge of his unpaid arrearages, as well as a "refund" of "overpayments."

In denying Oliver's motion, the district court took the adjudged amounts of arrears from the Journal Entries and subtracted the payments Oliver had made, resulting in balances of over $10,000 in each case. The court emphasized that it was deciding only the "narrow issue" of establishing arrears and granting credit for payments made:

> "That is the only issue that the Court is addressing. [Oliver's] citation to federal law raises the separate issue of how much of the established arrears the [State] is legally entitled to collect. The Court is not deciding that issue for several reasons. First, it is not raised in the motion, second, there is not sufficient evidence before the Court to decide that issue, and third, there [have] been no collection efforts in this case since December 2014. The Court decides actual controversies and at this time, there is no such controversy."

Oliver timely appeals, raising eight issues. He challenges the district court's application of res judicata, alleges a violation of due process, and disputes the district court's finding of mootness. The remaining five issues relate to his claim that he is entitled to a "refund" of any money held by the State in excess of the amounts it paid the mothers in assistance. We address each issue below.

4

*Res judicata*

In the district court, Oliver argued that the previous arrearage calculations were erroneous because they failed to include certain credits, such as for the time his son lived out of state. On appeal, he alleges that the district court improperly applied res judicata.

Whether the doctrine of res judicata applies in a certain case is an issue of law over which appellate courts exercise de novo review. *In re Tax Appeal of Fleet*, 293 Kan. 768, 777, 272 P.3d 583 (2012). Res judicata means "a thing adjudicated," and in legal doctrine, it means that once a person has raised a particular issue before the court and the court has ruled on that issue, that person isn't allowed to raise the same issue again. Black's Law Dictionary 1504 (10th ed. 2014); see *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013). The record shows that the amounts of the arrearages were established and reflected in Journal Entries in 2004 (in the Ross case) and 2007 (in the Sayles case). Accordingly, the district court ruled correctly that res judicata barred Oliver from relitigating whether the amounts reflected in those judgments were correct.

*Due process*

Oliver next alleges that the application of res judicata violated due process because he was not given an opportunity to be heard on the facts underlying the prior judgments. He complains that the district court told him he could not speak further on the facts underlying the 1997 arrearage judgment or challenge the 2004 and 2007 Journal Entries in the respective cases.

Our review of whether a party's due process rights have been violated is unlimited. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

Oliver does not cite any authority to support his assertion that due process requires a court to receive unlimited amounts of input from a litigant, or to permit a party to relitigate an issue already decided. "'The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case.'" *U.S.D. No. 461 v. Dice*, 228 Kan. 40, 42-43, 612 P.2d 1203 (1980). Oliver's opportunity to be heard on the correctness of the amounts in the underlying judgments was in 2004 and 2007, when those judgments were entered. Oliver could have appealed those judgments but chose not to. The record also shows that four hearings were held in 2014 and 2015 regarding Oliver's motion to establish arrearage amount and credit for payments received and that Oliver, as well as his counsel, filed pleadings and correspondence about these issues. Oliver thus had ample opportunity to be heard, and no due process violation has been shown.

*Mootness*

Oliver next argues that the district court erred in finding that there was no current controversy because there had been no collection efforts since December 2014. The State filed a motion for Termination of Income Withholding in November 2014, but that motion recited that the State wished to terminate the withholding because of the pending litigation.

We have unlimited review of a district court's determination of mootness. See *Emprise Bank v. Rumisek*, 42 Kan. App. 2d 498, 519, 215 P.3d 621 (2009). In the December 2014 hearing, the State indicated that although it could legally collect the entire judgment in each case, it was seeking only $4,874.29 in the Sayles case and $4,157.33 in the Ross case. Because the State continues to press its claim against Oliver, the district court erred in finding the case moot. But because the district court did not base its judgment on this finding, and because Oliver has shown no prejudice flowing from it, no reversible error has been shown.

*Right of refund*

Oliver's remaining five claims of error assume that he has a right of "refund" from the State. But Oliver has not cited caselaw or other authority to support his claim for a refund, nor has he shown that the mothers' affidavits somehow created an assignment to him. Failure to support a point with pertinent authority or show why it is sound, despite a lack of supporting authority, is akin to failing to brief the issue, and an issue not briefed by the appellant is deemed waived and abandoned. *State v. Tague*, 296 Kan. 993, 1001-02, 298 P.3d 273 (2013), citing Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) (appellant's brief must include "[t]he arguments *and authorities* relied on" [Emphasis added.]). Thus, we deem the following five issues waived and abandoned:  Issue A, failure to require the State to produce documentation of the amounts of aid and of child support it paid to the mothers; Issue B, failure to address the fact that the mothers declined further collection of past due child support; Issue E, failure to decide anything beyond the amount of arrearages owed after giving credit for payments made; Issue F, refusal to apply federal law and the court's reasons therefor; and Issue H, failure to establish to whom the arrearages are owed.

Had we addressed these claims on the merits, however, Oliver would not have succeeded. We review such issues for an abuse of discretion. See *In re Marriage of Welliver*, 254 Kan. 801, 811, 869 P.2d 653 (1994). "Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court." *Simon v. Simon*, 260 Kan. 731, Syl. ¶ 2, 924 P.2d 1255 (1996). We find no abuse of discretion in any of the district court's actions or inactions Oliver has challenged.

Affirmed.

7